# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UKRAINIAN FUTURE CREDIT UNION,        Case No.  2-17-cv-11483-MEL-SDD
a state chartered credit union,             Hon. Matthew F. Leitman
Plaintiff,                           Mag. Judge Stephanie Dawkins Davis

v.

WILLIAM R. SEIKALY,
an individual,
JEFFREY T. STEWART,
an individual,
LARRY W. BENNETT,
an individual,
LIDIA SHIBANOV,
an individual,
JOHN/JANE DOE,
an individual,
SEIKALY, STEWART & BENNETT, P.C.,
a Michigan Professional Corporation,
Defendants;
All Defendants sued jointly & severally.
_____/

Bigelow Law, P.C.
By:  James W. Bigelow (P42331)
Attorney for Plaintiff
41570 Hayes Road, Suite E-1
Clinton Township, MI  48038
(586) 530-7788
james@bigelowlawpc.com
_____/

# FIRST AMENDED COMPLAINT

## INTRODUCTION

1.    This is an action brought pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (CFAA) as well as state common law and statutory causes of action related to Defendant Lidia Shibanov's removal, retention, publication and use of private and confidential regulatory, customer and employment records of the Ukrainian Future Credit Union maintained on Plaintiff's computer system and/or email system which Defendant Lidia Shibanov and her attorneys have refused to return to Plaintiff.

2.    This action is also brought against William R. Seikaly, Jeffrey T. Stewart, Larry W. Bennett and Seikaly, Stewart and Bennett, P.C. pursuant to their unlawful conduct while acting as the attorneys for Lidia Shibanov in obtaining, publishing, converting, possessing and refusing to return the aforementioned private and confidential statutorily protected records of Plaintiff illegally obtained by Ms. Shibanov.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5.    Plaintiff Ukrainian Future Credit Union is a state-chartered credit

union which maintains accounts insured by the National Credit Union

Administration and maintains its principal office in the City of Warren, Michigan.

6.     Defendant Lidia Shibanov is a former loan officer and assistant

manager of Plaintiff.

7.     Defendant John/Jane Doe is an individual presently or formerly

affiliated with Plaintiff as an employee, officer or agent of Plaintiff and/or is an

individual who conspired and/or assisted Defendants William R. Seikaly and/or the

other principals of Seikaly, Stewart & Bennett, P.C. in the course of conduct set

forth below.

8.     Defendant William R. Seikaly is an individual and licensed Michigan

attorney who at all relevant times alleged in this Complaint acted as the attorney

and agent for Plaintiff's former employee, Lidia Shibanov, in litigation filed by

Plaintiff against Defendant Lidia Shibanov in the Macomb County Circuit Court

bearing Case No. 15-0524-CZ.

9.     Defendant Larry W. Bennett is an individual and licensed Michigan

attorney who at all relevant times alleged in this Complaint acted as the attorney

and agent for Plaintiff's former employee, Lidia Shibanov, in litigation filed by

Plaintiff against Defendant Lidia Shibanov in the Macomb County Circuit Court

bearing Case No. 15-0524-CZ.

10.     Defendant Jeffrey T. Stewart is an individual and licensed Michigan attorney who at all relevant times alleged in this Complaint acted as the attorney and agent for Plaintiff's former employee, Lidia Shibanov, in litigation filed by Plaintiff against Defendant Lidia Shibanov in the Macomb County Circuit Court bearing Case No. 15-0524-CZ.

11.     Defendant Seikaly, Stewart & Bennett, P.C. is a Michigan Professional Corporation maintained, owned and controlled by Defendant William R. Seikaly and his partners, Defendants Jeffrey T. Stewart and Larry W. Bennett, and at all relevant times alleged in this Complaint acted as the attorneys and agents for Lidia Shibanov in litigation filed by Plaintiff in the Macomb County Circuit Court. bearing Case No. 15-0524-CZ.

## GENERAL ALLEGATIONS

12.     Defendant Lidia Shibanov left her full-time employment with Plaintiff in late 2012 and continued to work for Plaintiff remotely on a part-time basis from her home in Portland, Oregon for several months up until approximately February 1, 2013.

13.     During the period of time Defendant Shibanov worked remotely for Plaintiff, she had electronic access to confidential customer, employment and regulatory examination records maintained on her office computer and Plaintiff's

4

computer server.

14.     On January 29, 2013 at 11:47 p.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own personal email account and which contains as an attachment a copy of the 2011-2012 Roster of Plaintiff Ukrainian Future Credit Union which includes the full social security numbers and account numbers of all 37 board members and employees of the Ukrainian Future Credit Union which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

15.     While employed with Plaintiff, Defendant Shibanov executed and agreed to E-Commerce Policies and Procedures stipulating that "…all email messages created, sent or received on the system, are the credit union's property." (Ex. 2, par. 10).

16.     While employed with Plaintiff, Defendant Shibanov executed an Employee Fraud Policy which precluded Shibanov from any fraudulent and/or dishonest acts, including theft of any kind while employed with Plaintiff.  (Ex. 3).

17.     At the deposition of an employee of Plaintiff conducted on or about June 10, 2016 in the aforementioned state court litigation, Defendant William R. Seikaly openly stated that he had obtained records of the Ukrainian Future Credit

Union which had not been produced by Plaintiff in discovery.

18.     On June 10, 2016, Defendant William R. Seikaly then produced and utilized in a deposition a copy of the 2011-2012 Ukrainian Future Credit Union Roster which he had obtained from his client containing the full Social Security numbers and account numbers of 37 of the board members and employees of the credit union despite the fact that the Roster had no relevance to the aforementioned state court litigation.  (Ex. 1).

19.     Defendant Seikaly subsequently filed with the Macomb County Circuit Court on two separate occasions un-redacted copies of the 2011 – 2012 Roster containing the full Social Security numbers and account numbers of 37 of the board members and employees of the credit union which was not relevant to the aforementioned litigation.  (Ex. 1).

20.     As part of the package of documents not relevant to the state court litigation and not supplied to Shibanov and Defendants in the discovery provided by Plaintiff, William R. Seikaly also presented, utilized and filed in the aforementioned state court litigation a copy of a confidential state examination response report submitted by the President of the Ukrainian Future Credit Union to a State of Michigan Credit Union Examiner which includes the names and account information of several borrowers not involved in the aforementioned state court

6

litigation and which is maintained on the Plaintiff's computer system.  (Ex. 4; Ex. 4-A).

21.     As part of the package of documents not relevant to the state court litigation and not supplied to Defendant Shibanov in discovery, William R. Seikaly also presented, filed and utilized in the aforementioned state court litigation a copy of a management report containing the private and confidential personal account information of several credit union members.  (Ex. 4; Ex. 4-C).

22.     Defendant Seikaly also has repeatedly admitted that he and his firm possesses *additional* records of the Ukrainian Future Credit Union which the Defendants have refused to identify and return to the Plaintiff.

23.     On January 30, 2013 at 12:31 a.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own person email account and which contained as an attachment a copy of a confidential Bankruptcy Report of Plaintiff containing the names, account numbers and balances of credit union members which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

24.     On January 30, 2013 at 12:28 a.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she

7

transmitted to her own personal email account which contained as an attachment a copy of a confidential  credit union Management Action Report and which references the private and confidential records of approximately 36 member accounts which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

25.     On January 29, 2013 at 11:54 p.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own personal email account and which contained as an attachment a copy of a confidential loan workout report which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

26.     On January 29, 2013 at 11:53 p.m. Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own personal email account and which contained as an attachment a copy of a confidential expense report related to numerous credit union members which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

8

27.     On January 29, 2013 at 11:53 p.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own personal email account and which contained as an attachment a copy of confidential information regarding approximately 19 credit union members which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

28.     On January 29, 2013 at 11:52 p.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own personal email account and which contained as an attachment a copy of the confidential loan-to-value report of Plaintiff containing the private and confidential account information of approximately *400 credit union member accounts* which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

29.     On January 29, 2013 at 11:52 p.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own personal email account and which contained as an attachment a copy of a confidential  Document of Resolution regarding regulatory

matters/reviews which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

30.    On January 5, 2013 at 6:13 p.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own personal email account and which as an attachment a copy of the confidential Business Loan Log of Plaintiff containing the amounts, terms, names of 41 customers and other confidential information which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

31.    On January 29, 2013 at 11:50 p.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own personal email account and which contained as an attachment a copy of the confidential real estate foreclosure log of Plaintiff which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

32.    On January 29, 2013 at 11:50 p.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own personal email account and which contained as an

attachment a copy of Plaintiff's confidential log for consumer loans which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

33.    On January 29, 2013 at 11:49 p.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own personal email account and which contained as an attachment a copy of a confidential report of Plaintiff's which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

34.    On January 29, 2013 at 11:48 p.m., Defendant Shibanov generated an email from her employment email account maintained through Plaintiff which she transmitted to her own personal email account along with an attachment containing a confidential charge off report regarding references to several hundred accounts which she downloaded to her own computer and/or has continued to maintain on her own personal email account without any authorization from Plaintiff.

35.    On April 21, 2016, Defendant Seikaly specifically referenced figures he apparently had derived from the charge-off report while deposing an employee of Plaintiff when he stated: "Would you be surprised that since you've been here that since you've been here you've had over $161,624.00 worth of loans that have

11

gone bad."

36.     On January 29, 2013 at 11:48 p.m., Defendant Shibanov generated an
email from her employment email account maintained through Plaintiff which she
transmitted to her own personal email account and which as an attachment a copy
of the Plaintiff's confidential business loan report which she downloaded to her
own computer and/or has continued to maintain on her own personal email account
without any authorization from Plaintiff.

37.     Defendants and the other principals of Defendant Seikaly, Stewart and
Bennet, P.C. have collectively refused to return the documents owned by the
Ukrainian Future Credit Union in their possession and have collectively and
repeatedly requested by way of Defendant Seikaly that the Macomb County Circuit
Court conduct an *in camera* inspection of the documents and conduct an *in camera*
interview of Defendant Seikaly regarding an explanation as to how the Defendants
obtained the documents illegally removed from the office of the Ukrainian Future
Credit Union.  (Ex. 5, p. 8).

38.     Defendants have no legal interest in the aforementioned documents
illegally removed from the offices of Plaintiff now in their possession, have no
right to retain the records and have no right to an *in camera* inspection and private
*in camera* interview or hearing in their attempt to conceal the identity of any

individuals involved in the illegal removal of the records from the computer system and files of Plaintiff.

39.     Defendants have collectively refused to provide the Plaintiff with any information regarding the source utilized to obtain the documents and have refused to provide any information regarding the identity of any individuals who have had access to the aforementioned records.

40.     Defendants Seikaly, Bennett, Stewart and Seikaly, Stewart & Bennett, P.C. received Plaintiff's private and confidential documents with full knowledge that the documents were unlawfully removed from Plaintiff's office and/or computer system by Defendant Shibanov and are being unlawfully retained in light of the employee restrictions and policies of Plaintiff received by the Seikaly Defendants as well as relevant state and federal law.

41.     Plaintiff's confidential and private employment, customer and other *unidentified* records converted by Defendants are an important asset of the Plaintiff credit union and Defendants retention of the private and confidential records of Plaintiff and are not subject to disclosure in Michigan.  M.C.L. 490.381; MCL 490.205.

42.     Defendant Shibanov transferred the aforementioned private and confidential documents of Plaintiff to the Seikaly Defendants via email, private

carrier, U.S. Mail, and or transporting the documents by hand delivery from Oregon to the Seikaly Defendants' office located in Farmington Hills, MI.

43.    The Defendants Seikaly, Bennett, Stewart and Seikaly, Stewart & Bennett, P.C. were aware of Defendant Shibanov's legal obligations and ongoing fiduciary duty to her former employer when they agreed to accept possession of the private and confidential documents of Plaintiff.

44.    Defendants Seikaly, Bennett, Stewart and Seikaly, Stewart & Bennett, P.C. have illegally and unethically profited from engaging in their attempt to prevent the return of Plaintiff's private and confidential documents.

45.    Defendants have refused to return the Plaintiff's records and documents and have instead sought to retain the information and documents in an effort to extort money or concessions and/or items of value from Plaintiff, including their attorney fees for their work in opposing the return of the documents.

46.    Defendant William Seikaly has repeatedly and improperly asserted the attorney-client privilege when requested to identify the individual who provided the aforementioned documents to him and, therefore, the only reasonable inference is that he received said documents from his client, Lidia Shibanov.

47.    Defendant William Seikaly, with the approval of all Defendants, has

14

repeatedly falsely stated that the aforementioned private and confidential

documents were legally obtained by Mr. Seikaly, his law firm and his partners,

despite the fact that Defendants' conduct in receiving and continually possessing

the aforementioned documents constitutes a federal crime. 18 U.S.C. §2113(b) and

(c).

48.   M.C.L. 490.381 expressly prohibited Defendant Lidia Shibanov from

releasing the Plaintiff's private and confidential records to anyone, including her

attorneys.  (Ex. 6).

## COUNT I
## VIOLATION OF THE COMPUTER FRAUD & ABUSE ACT,
## 18 U.S.C § 1030

49.   Plaintiff hereby incorporates by reference paragraphs 1-48 as if fully

restated herein.

50.   Plaintiff maintains a protected computer and/or protected

computer system within the meaning of the Computer Fraud & Abuse Act, 18

U.S.C. § 1030(e)(2).

51.   Defendant Shibanov did obtain access to Plaintiff's protected

computer and/or protected computer system without authorization and/or by

exceeding such authorization as may have been granted.

52.   Defendant Shibanov accessed Plaintiff's protected computer

knowingly and with the intent to defraud and illegally obtain private and confidential information from Plaintiff's computer files for downloading and permanently retaining documents which are the property of Plaintiff.

53.    Defendant Shibanov did, without permission, download and/or illegally retain on her personal gmail account Plaintiff's private and confidential aforementioned documents and did cause loss to Plaintiff in a value in excess of $5,000.00 in any 1-year period in which the information was obtained and/or the loss took place.  (Ex. 4, par. 10).

54.    Plaintiff has suffered substantial impairment of the integrity and/or availability of its private and confidential data, data system and information.

55.    Plaintiff has been damaged by Defendants' actions, including the cost of responding to the offending conduct, the cost of conducting  a damage assessment, cost of restoration of the data information, and lost revenue and cost of remedial measures necessary to protect the private and confidential information of the Plaintiff and its employees.  (Ex. 4, par. 10).

## COUNT II
## STATUTORY AND COMMON LAW CONVERSION

56.    Plaintiff hereby incorporates by reference paragraphs 1-55 as if fully restated herein.

57.     Plaintiff has repeatedly requested that Defendants William R. Seikaly, Seikaly, Stewart & Bennett, P.C. and the attorneys of Seikaly, Stewart & Bennett, P.C. return and identify the Plaintiff's documents and records in their possession not produced in discovery in the aforementioned state court litigation.

58.     Defendants have, along with the other principals of Seikaly, Stewart & Bennett, P.C., both expressly and by silence refused to return and identify the requested documents.

59.     Defendant's acts in refusing to return the secured property constitutes common-law conversion and statutory conversion pursuant to *M.C.L. 600.2919a.*

60.     Defendants are therefore jointly and severally responsible for three times the amount of Plaintiff's actual damages in accordance with *M.C.L. 600.2919a.*

**COUNT III**
**VIOLATION OF THE SOCIAL SECURITY NUMBER PRIVACY ACT**
**M.C.L. 445.81 et seq.**

61.     Plaintiff hereby incorporates by reference paragraphs 1-61 as if fully restated herein.

62.     Plaintiff is a "person" within the meaning of M.C.L. 445.82(e).

63.     Defendants negligently violated the Social Security Number Privacy Act in violation of M.C.L. 445.86 by admittedly releasing the social security

numbers of Plaintiff's employees and board members for public display on at least two occasions.

64.    Defendants intentionally violated the Social Security Number Privacy Act in violation of M.C.L. 445.86 by admittedly releasing and publishing the social security numbers of Plaintiff's employees and board members for public display on at least two occasions.

65.    Plaintiff has been damaged by Defendants' violations of the Act including the cost of responding to the offending conduct, the cost of conducting a damage assessment, cost of restoration of the data information, and lost revenue and cost of remedial measures necessary to protect the private and confidential information of the Plaintiff and its employees and are therefore liable for Plaintiff's actual damages and attorney fees pursuant to M.C.L. 445.86.

**COUNT IV**
**BREACH OF THE IDENTITY THEFT PROTECTION ACT**
**M.C.L 445.61 et seq.**

66.    Plaintiff hereby incorporates by reference paragraphs 1-65 as if fully restated herein.

67.    Defendants acted with the intent to violate the law in obtaining permanent copies and utilizing the personal identifying information of the employees, credit union members and board members of Plaintiff and in their

18

attempts to commit other unlawful acts in violation of M.C.L. 445.65, including the aforementioned multiple violations of the Social Security Number Privacy Act and other state and federal statutes referenced in this Complaint.

68.     Defendants did obtain and possess personal identifying information from Plaintiff in violation of M.C.L. 445.67 in the commission of and with the intent to commit other crimes, including the aforementioned multiple violations of the Social Security Number Privacy Act and violation of numerous civil and criminal statutes referenced in this Complaint.

## COUNT V
## CIVIL CONSPIRACY

69.     Plaintiff hereby incorporates by reference paragraphs 1-68 as if fully restated herein.

70.     The individual Defendants illegally, maliciously, and wrongfully conspired with one another with the intent and purpose of obtaining, removing and/or converting the documents of Plaintiff for their own use.

71.     The conspiracy resulted in both criminal and civil violations of state law in violation of Plaintiff's legal rights previously set forth in this Complaint as well as intentional violations of M.C.L 750.360 and M.C.L. 750.362.

72.     The conspiracy resulted in violations of Federal civil and criminal

statutes, including 18 U.S.C. § 1030, 18 U.S.C. § 1028 and 18 U.S.C. § 2113(b) and (c).

73.     As a result of the conspiracy and Defendants' illegal, wrongful and tortious acts, Plaintiff has suffered damages including but not limited to specific damage to its reputation and relationship with its employees and board members, legal costs and attorney fees, expenses related to investigation of the misconduct alleged in this Complaint, lost profits, emotional distress and/or harm to Plaintiff's reputation and standing in the community, injury to reputation and goodwill, reduced profits and the cost of corrective measures as well as any allowed exemplary damages.

74.     Defendants are jointly and severally liable for Plaintiff's injuries and damages.

## COUNT VI
## ABUSE OF PROCESS

75.     Plaintiff hereby incorporates by reference paragraphs 1-74 as if fully restated herein.

76.     Defendants abused the civil investigatory and discovery process by using it for their ulterior motive or purpose to cause vexation, trouble, embarrassment, damage to Plaintiff's professional reputation, damage to Plaintiff's

community reputation and as retaliation for Plaintiff's filing of the aforementioned state court lawsuit.

77.    Defendants have further caused substantial damage emanating from the substantial and necessary attorney fees expended in its attempt to recover its private and confidential employment, customer and other records.

78.    As corroborating acts in support of Defendants' improper purpose, Defendants obtained and/or illegally removed the documents and records from the offices of Plaintiff, caused them to be filed in the state court action and have refused to return unidentified private and confidential records even though Plaintiff has repeatedly demanded the return of the documents.

79.    As a direct result of Defendants' abuse of the civil investigative and discovery process and theft of the records, Plaintiff's professional reputation in the community has been damaged.

### COUNT VII
### BREACH OF FIDUCIARY DUTY
### LIDIA SHIBANOV

80.    Plaintiff hereby incorporates by reference paragraphs 1-79 as if fully restated herein.

81.    Defendant Lidia Shibanov is and was statutorily bound not to disclose to anyone any confidential information related to Plaintiff's business, its customers

and related transactions.  (Ex. 6, M.C.L. 490.381).

82.    Defendant Lidia Shibanov had a common law and contractually based fiduciary duty not to disclose the private records to anyone.

83.    By virtue of the aforementioned conduct, Defendant acted in her own self-interest, which was in conflict of the interests of Plaintiff.

84.    Defendant Shibanov's fiduciary duty to Plaintiff continued after she left Plaintiff's employ.

85.    Defendant's conduct constitutes a breach of her fiduciary duty owed to Plaintiff.

86.    Defendants have caused substantial damage emanating from the necessary attorney fees expended in its attempt to recover its private and confidential employment, customer and other records.

87.    As a result of Defendant Shibanov's illegal, wrongful and tortious acts, Plaintiff has suffered damages including but not limited to specific damage to its reputation and relationship with its employees and board members,  legal costs and attorney fees, expenses related to investigation of the misconduct alleged in this Complaint, lost profits, emotional distress and/or harm to Plaintiff's reputation and standing in the community, injury to reputation and goodwill, reduced profits and

the cost of corrective measures as well as any allowed exemplary damages.

## COUNT VIII
## INJUNCTIVE RELIEF

88.   Plaintiff hereby incorporates by reference paragraphs 1-87 as if fully restated herein.

89.   Defendant Lidia Shibanov's criminal conduct as described above is a clear violation of her statutory obligation pursuant to 18 U.S.C. §2113(b) not to remove and possess documents from a state chartered credit union with deposits insured by the National Credit Union Administration.

90.   Defendants William R. Seikaly, Larry W. Bennett, Jeffrey T. Stewart and Seikaly, Stewart and Bennet, P.C.'s criminal conduct described above is a clear violation of their legal obligation pursuant to 18 U.S.C. §2113(c) not to receive and possess stolen confidential records of a state chartered credit union with deposits insured by the National Credit Union Administration.

91.   Plaintiff has no other adequate remedy at law and a preliminary injunction is appropriate as is set forth below.

**RELIEF REQUESTED**

WHEREFORE,  Plaintiff respectfully requests that this Honorable Court grant the following relief against Defendants:

a) Compensatory damages in an amount which is fair, just and reasonable;

b) Punitive and/or exemplary damages in an amount which is fair, just and reasonable;

c) An award of interest, costs and attorney fees;

d) That the court permanently enjoin all named Defendants, their officers, agents, employees and successors in office, as well as those acting in concert and participating with them from engaging in the unlawful practices described in this Complaint;

e) That the court enter an injunction requiring:

     i.  the return of any and all of Plaintiff's documents not previously produced in discovery in the aforementioned state court litigation and/or which were downloaded or removed by Defendants from the Plaintiff's officer and/or computer system(s) and precluding the release of the documents to any third parties;

24

    ii.    the Defendants to identity and indicate the role of all individuals responsible for the removal of the documents from the offices of Plaintiff;  and,

    iii.    the Defendants to identity of all individuals who have or have had access to the documents since they were obtained.

f.    Such other further equitable and/or monetary relief the Court may deem appropriate.

Respectfully submitted,


/s/ James W. Bigelow
Bigelow Law, P.C.
By:  James W. Bigelow (P42331)
Attorney for Plaintiff
41570 Hayes Road, Suite E-1
Clinton Township, MI  48038
(586) 530-7788
(586) 816-0197 facsimile
james@bigelowlawpc.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby continues to demand a jury trial of all triable issues in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,


/s/ James W. Bigelow
Bigelow Law, P.C.
By:  James W. Bigelow (P42331)
Attorney for Plaintiff
41570 Hayes Road, Suite E-1
Clinton Township, MI  48038
(586) 530-7788
(586) 816-0197 facsimile
james@bigelowlawpc.com