UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UKRAINIAN FUTURE CREDIT UNION,   Case No. 2-17-cv-11483-MEL-SDD
a state chartered credit union,   Hon. Matthew F. Leitman
Plaintiff,   Mag. Judge Stephanie Dawkins Davis

v.

WILLIAM R. SEIKALY,
an individual,
JEFFREY T. STEWART,
an individual,
LARRY W. BENNETT,
an individual,
LIDIA SHIBANOV,
an individual,
JOHN/JANE DOE,
an individual,
SEIKALY, STEWART & BENNETT, P.C.,
a Michigan Professional Corporation,
Defendants;
All Defendants sued jointly & severally.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT WILLIAM R. SEIKALY, JEFFREY T. STEWART, LARRY W. BENNETT and SEIKALYSTEWART & BENNETT, P.C.'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS**

Plaintiff, Ukrainian Future Credit Union, by and through its attorney, James W. Bigelow, does hereby respond and object to Defendants' respective requests for a thirty (30) day extension of time within which to respond to Plaintiff's First Amended Complaint and states as follows:

1. In response to paragraph 1, Plaintiff admits that its initial Complaint against Defendants William R. Seikaly, Seikaly Stewart & Bennett, P.C. and John/Jane Doe in this matter was filed on May 9, 2017. Plaintiff further states that on July 11, 2017, Plaintiff filed a Motion for Preliminary Injunction to recover its private and confidential employment, regulatory and customer records pertaining to hundreds of individuals which are wrongfully in the possession of William R. Seikaly and Seikaly, Stewart & Bennett, P.C., the unlawful possession of which constitutes a federal crime in accordance with 18 U.S.C. §2113.

2. In response to paragraph 2, Plaintiff denies that the Seikaly parties filed a Motion for Summary Judgment on July 19, 2017, as the Seikaly parties filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on July 19, 2017.

3. In response to paragraph 3, Plaintiff admits that it filed its First Amended Complaint on August 9, 2017.

4. In response to paragraph 4, Plaintiff admits that it added Mr. Seikaly's

law partners as Defendants in light of their conversion and refusal to return documents in their possession which were removed from Plaintiff's computer system by co-defendant Lidia Shibanov in violation of 18 U.S.C. §2113 and other state and federal statutes.

5. In response to paragraph 5, Plaintiff admits that Defendants are required to respond to the Plaintiff's First Amended Complaint by August 23, 2017.

6. In response to paragraph 6, Plaintiff denies that it has filed a "Complaint which is 55 pages in length", as Plaintiff's First Amended Complaint is 26 pages in length. Plaintiff further denies that the 30 day extension of time is appropriate and warranted, as the request is actually a dilatory tactic to preclude the prompt return of Plaintiff's private and confidential records in Defendants' possession, as Defendants' obtaining and ongoing possession of the records constitutes a federal crime in accordance with 18 U.S.C. §2113.

7. In response to paragraph 7 (mislabeled as paragraph "5"), Plaintiff admits that the court may extend the time within which an act may or must be done pursuant to Fed. R. Civ. P. 6(b).

8. In response to paragraph 8 (mislabeled as paragraph "6"), Plaintiff's counsel admits that Defendant's counsel sought concurrence in the request for relief

of their motion on August 16, 2017 pursuant to defense counsel and/or Defendants vacation schedules. Plaintiff admits denying the request for concurrence in an effort to avoid additional delay in obtaining a full and fair hearing and/or review on Plaintiff's application for preliminary injunction, which has been pending with the court since July 11, 2017.

    WHEREFORE, Plaintiff respectfully requests that Defendants' motion be denied.

Respectfully submitted,

/s/ James W. Bigelow
Bigelow Law, P.C.
By: James W. Bigelow (P42331)
Attorney for Plaintiff
4337 E. Grand River Ave., #227
Howell, MI 48843
(586) 530-7788
(586) 816-0197 facsimile
james@bigelowlawpc.com

-3-

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UKRAINIAN FUTURE CREDIT UNION,     Case No. 2-17-cv-11483-MEL-SDD
a state chartered credit union,     Hon. Matthew F. Leitman
Plaintiff,     Mag. Judge Stephanie Dawkins Davis

v.

WILLIAM R. SEIKALY,
an individual,
JEFFREY T. STEWART,
an individual,
LARRY W. BENNETT,
an individual,
LIDIA SHIBANOV,
an individual,
JOHN/JANE DOE,
an individual,
SEIKALY, STEWART & BENNETT, P.C.,
a Michigan Professional Corporation,
Defendants;
All Defendants sued jointly & severally.
_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT WILLIAM R. SEIKALY, JEFFREY T. STEWART, LARRY W. BENNETT and SEIKALYSTEWART & BENNETT, P.C.'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS**

## CONCISE STATEMENT OF ISSUE PRESENTED

Whether good cause has been shown to grant Defendants' request to extend the time within which to respond to Plaintiff's First Amended Complaint where the Defendants are in possession of confidential documents illegally obtained from a state chartered credit union in violation of 18 U.S.C. §2113 and where a Motion for Preliminary Injunction for the return of the documents is presently pending before the court?

Plaintiff' Answers "No"

Defendants Answer "Yes"

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 6(b)

ii

## INTRODUCTION

Plaintiff's initial Complaint in this matter was filed on May 9, 2017 and alleges that Defendant William R. Seikaly and Seikaly, Stewart & Bennett, P.C. illegally converted and possess private and confidential records of Plaintiff which were illegally obtained by Defendants outside of any court ordered discovery while representing Plaintiff's former employee in state court litigation. (Dkt. 1). On August 9, 2017, Plaintiff filed its First Amended Complaint adding as Defendants the law partners of William R. Seikaly and Plaintiff's former employee, Defendant Lidia Shibanov. (Dkt. 12). Plaintiff's First Amended Complaint contains detailed factual allegations verified to by the attached declaration of credit union employee Daria Brown regarding the downloading of private and confidential records regarding *hundreds* of individual credit union members, employees and board members to the personal email account of Defendant Lidia Shibanov which are now in the possession of William Seikaly and his partners. (Dkt. 12, Ex. 4, Brown Decl).

After Defendants William Seikaly and Seikaly, Stewart & Bennett, P.C. were initially served, Plaintiff filed a Motion for Preliminary Injunction requesting the return of the documents and other relief. (Dkt. 7). Defendants William Seikaly and Seikaly, Stewart & Bennett, P.C. subsequently responded to the Injunction request

on August 1, 2017, and Plaintiff's corresponding Reply Brief was filed on August 15, 2017.

## ARGUMENT

Defendants have misstated in their brief that:

> "this case is based on a case that was originally filed in Macomb County Circuit Court. The Docket Sheet for the Macomb County case is now over 45 pages long as portions of that case continue." (Defendants' Brief, p. 1).

Actually, the present case is related to documents downloaded by Defendant Lidia Shibanov and illegally supplied to Defendants William Seikaly, his law firm and his partners outside of any discovery in the state court case and any claim that just cause exists for the requested extension as a result is simply without merit. (Dkt. 12).

*18 U.S.C.* §2113(b) expressly provides that:

> "(b) Whoever takes and carries away with intent to steal, purloin, any property or money or any other thing of value exceeding $1,000.00 belonging to, or in the care, custody, control, management or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both; or
>
> Whoever takes and carries away with intent to steal or purloin, any property or money or any other thing of value not exceeding $1,000.00 belonging to, or in the care, custody, control, management or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than one year, or both."

-2-

Similarly, *18 U.S.C.* §2113(c) expressly precludes the possession of property stolen from a credit union and provides that:

> "Whoever receives, possesses, conceals, stores, barters, sells or disposes of, any property or money or other thing of value which has been taken or stolen from a bank, credit union, or savings and loan association in violation of subsection (b), knowing the same to be property which has been stolen shall be subject to the punishment in subsection (b) for the taker."

## CONCLUSION

Based upon the foregoing, good cause has not been shown to grant the requested extension of time within which to file responsive pleadings, as Plaintiff's efforts to recover its federally protected confidential records involving personal information regarding hundreds of individuals should take precedence over any inconvenience related to vacation schedules.

Respectfully submitted,

/s/ James W. Bigelow
Bigelow Law, P.C.
By:  James W. Bigelow (P42331)
Attorney for Plaintiff
4337 E. Grand River Ave., #227
Howell, MI  48843
(586) 530-7788
(586) 816-0197 facsimile
james@bigelowlawpc.com

-3-

CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2017, a copy of the Plaintiff's Response to Defendants' Motion for Extension of Time to File Responsive Pleadings and Supporting Brief was filed electronically.  Notice of this filing will be sent to all identified and known parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

/s/ James W. Bigelow
James W. Bigelow (P42331)