EXHIBIT 3

```
 1                    STATE OF MICHIGAN

 2         IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

 3   UKRAINIAN FUTURE CREDIT UNION,
     a state chartered credit
 4   union,

 5              Plaintiff,         Case No. 2015-0524-CZ

 6        vs.

 7   ADRII B. GARAK, et al,

 8              Defendants.
                                        /
 9
                              PROCEEDINGS
10
          BEFORE THE HONORABLE DIANE M. DRUZINSKI, CIRCUIT
11                               JUDGE

12     Mount Clemens, Michigan - Monday, October 17, 2016

13
        APPEARANCES:
14
     For the Plaintiff:      JAMES W. BIGELOW (P42331)
15                           41570 Hayes Road, Suite E-1
                             Clinton Township, MI  48038
16                           (586) 530-7788

17
     For the Defendant:      WILLIAM R. SEIKALY (P33165)
18                           30445 Northwestern Hwy., Suite 250
                             Farmington Hills, MI 48334
19                           (248) 785-0102

20

21

22

23

24

25
```

```
 1  For the Defendant:    DANIEL RANDAZZO (P39935)
                          2731 S. Adams Road, Ste. 100
 2                        Rochester Hills, MI 48309
                          (248) 853-1003
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23  REPORTED BY:    ANGELA M. LITTLE, CSR-6444, RPR
                    Certified Court Reporter
24                  (586) 469-5832
25
                                                      2
```

```
 1                  TABLE OF CONTENTS
 2                                              PAGE
 3  WITNESSES:  PLAINTIFF
 4  None.
 5
 6
 7  WITNESSES:  DEFENDANT
 8  None.
 9
10
11
12
13
14  EXHIBITS                        ADMITTED
15  None offered.
16
17
18
19
20
21
22
23
24
25
                                                      3
```

```
 1                                    Mount Clemens, Michigan
 2                                    Monday, October 17, 2016
 3                                    At about 10:44 a.m.
 4                            - - -
 5  (Court, Counsel and parties present.)
 6          THE CLERK: Ukrainian Future Credit Union
 7  versus Garak.
 8          MR. BIGELOW: Good morning, your Honor. For
 9  the record, James Bigelow appearing on behalf of
10  plaintiff.
11          MR. RANDAZZO: Good morning, your Honor.
12  Dan Randazzo on behalf of Mr. Holyk.
13          MR. SEIKALY: Good morning, your Honor.
14  William Seikaly appearing on behalf of Lidia
15  Shibanov.
16          THE COURT: Okay.
17          MR. RANDAZZO: How would you like to
18  proceed, Judge?
19          THE COURT: Whose was the first motion
20  filed?
21          MR. RANDAZZO: I think I --
22          MR. BIGELOW: Mr. Randazzo.
23          MR. RANDAZZO: I think mine was as to
24  costs.
25          THE COURT: Okay. That's the one motion
                                                      4
```

```
 1  that I don't have. Well, let me tell you what I
 2  have. I have the Plaintiff's Motion Requiring --
 3  Requesting Removal of Social Security Numbers and
 4  Other Information. I have Plaintiff's Motion for
 5  Entry of Default Judgment.
 6          MR. BIGELOW: We can dispense with the
 7  default judgment entered, Judge. I received notice
 8  from a bankruptcy attorney on Friday Mr. and Mrs.
 9  Garak filed a Chapter 7 case. I have a copy of the
10  petition here. It is a skeleton petition, there's
11  no schedules or a statement of financial affairs
12  attached, but I do have an order for administrative
13  closing as to those two. The co-debtor stay does
14  not apply because it's a Chapter 7 case.
15          THE COURT: Okay. So the motion for entry
16  of default judgment is withdrawn because the two
17  individuals have filed for bankruptcy?
18          MR. BIGELOW: Yes.
19          THE COURT: I have Plaintiff's Response to
20  Defendant Holyk's Motion for Costs and Attorney
21  Fees, but I don't have the motion. I'm so sorry.
22  I'm doing my best to get track of everything. And
23  then I have plaintiff's motion to redact that
24  information from the exhibit; I have the response.
25  Do you want to hit the high points of your motion?
                                                      5
```

1  MR. RANDAZZO: Sure, Judge, I can do that.
2  THE COURT: This is on behalf of Holyk?
3  MR. RANDAZZO: Yes. I filed it under both
4 court rules under the case evaluation sanction and
5 under the frivolous case -- court rule. Under the
6 frivolous court rule, this court granted summary
7 disposition to Mr. Holyk. The counts that the
8 plaintiff filed against my client included breach of
9 contract, accounts stated, and a couple of fraud
10 counts as well as a waste. It was clear from the
11 evidence that was produced during discovery that the
12 plaintiff knew or had reason to know that Mr. Holyk
13 never signed any contract or promissory note with
14 regard to the loan. They knew that Mr. Garak and
15 Mr. Holyk had formed a business and that Mr. Garak
16 was borrowing the money for the purpose of buying
17 some property so that they could run their business
18 and Mr. Holyk in fact had pledged some property so
19 this whole straw transaction of fraud, there was no
20 basis in fact or law for them to bring that case,
21 those claims against Mr. Holyk. They had certainly
22 the breach of contract and the account stated had no
23 basis whatsoever, and I argue that the fraud did as
24 well.
25  The waste count, the granted summary

6

ANGELA M. LITTLE, CSR-6444, RPR
40 N. Main Street, Mt. Clemens, MI 48043
(586) 469-5832

1 disposition as to that as well, I believe that
2 Mr. Bigelow has filed a motion for reconsideration
3 that the Court hasn't made a ruling on yet with
4 respect to that, but I would argue that the Court
5 was correct in the first instance. And with regard
6 to that, Mr. Holyk, they knew that the entity
7 Northstar One was in possession of the property
8 because they received a check from Northstar One.
9 So none of the claims in my view had any basis in
10 fact that they had knowledge as to what the
11 transaction was right from jump street, and I think
12 it was just an attempt on their part to get as many
13 people into this case to get money from as it was a
14 money grab, basically.
15  As for case evaluation sanctions, the rule
16 indicates that the aggregate that when you're
17 talking about multiple parties, that it only applies
18 as to the plaintiff and the party at issue. The
19 case evaluation was rejected by the plaintiff. The
20 case evaluation as to Mr. Holyk was $2,500. Clearly
21 the verdict was greater than that. I think Mr.
22 Bigelow was going to argue well the aggregate
23 verdict could be greater than that because I'm going
24 to take a judgment against Garaks but there was no
25 judgment at the time that the motion was granted so

7

ANGELA M. LITTLE, CSR-6444, RPR
40 N. Main Street, Mt. Clemens, MI 48043
(586) 469-5832

1 the aggregate verdict has to be in my favor. With
2 that, I'll -- those are the high points.
3  THE COURT: Mr. Bigelow.
4  MR. BIGELOW: Well, your Honor, as to the
5 waste claim, I have filed that reconsideration
6 motion based on one case. There is a Supreme Court
7 case that says you can sue a person individually for
8 waste. Mr. Holyk was the only possessor of this
9 property. There's never been any evidence that he
10 did not commit all the waste. He's never filed an
11 affidavit saying he didn't dump all the trash and
12 ruin this building. Certainly, there's no frivolity
13 there.
14  As to the case evaluation sanctions, we had
15 to come here multiple times regarding the conduct of
16 Mr. Holyk. We had to repossess multiple vehicles
17 from him. We had to get a court order requiring him
18 to provide us with the Max truck and that truck was
19 sold for slightly over $4,000. That gets us over
20 the $2,500 case evaluation sanction threshold.
21  We also had to file a motion just to get
22 access to the property, which he completely
23 controlled. He had the only key, the facility was
24 locked, and we had to do that just to get into the
25 building so that we could have it appraised and have

8

ANGELA M. LITTLE, CSR-6444, RPR
40 N. Main Street, Mt. Clemens, MI 48043
(586) 469-5832

1 the problem with the proposed trash removal assessed
2 as well.
3  Regarding the Bill of Costs submitted, your
4 Honor, there's no statutory authority listed for any
5 of the costs. And as to the attorney fees, there is
6 approximately $7,000, which can't possibly be
7 awarded even if we were at that point because it's
8 only for attorney fees necessitated by the rejection
9 after the case evaluation. Mr. Randazzo has
10 approximately $7,000 going back I think to when he
11 first answered the complaint. And also, your Honor,
12 I think it's premature because we still don't know
13 what the aggregate verdict is going to be and
14 Shibanov is still in the case.
15  THE COURT: I'm going to find your motion
16 and I will take it under advisement.
17  MR. RANDAZZO: Okay.
18  THE COURT: Okay. And, I apologize. I
19 don't know where it is.
20  MR. RANDAZZO: Do you want my copy, Judge,
21 just in case you can't find it?
22  THE COURT: I don't know how we could have
23 misplaced something that large.
24  MR. RANDAZZO: Well, this is not the whole
25 thing. This is multiple motions, Judge.

9

ANGELA M. LITTLE, CSR-6444, RPR
40 N. Main Street, Mt. Clemens, MI 48043
(586) 469-5832

**Page 10**

1  THE COURT: I think Patty, we'll find it.
2  THE CLERK: Sure. We'll find it. It'll
3  turn up. They always do.
4  THE COURT: Don't worry about it. We'll
5  find it. It might have been between being received
6  and filed.
7  MR. RANDAZZO: Okay.
8  THE COURT: Okay. So defendant's motion
9  for costs and attorney fees as to Holyk is taken
10  under advisement and an opinion will issue. I have
11  the response. Okay. Now, I have your motion to
12  redact the Social Security numbers.
13  MR. BIGELOW: Remove those documents from
14  the file actually, your Honor.
15  THE COURT: It seems like there was an
16  agreement in terms of the Social Security numbers;
17  is that correct?
18  MR. BIGELOW: No --
19  MR. SEIKALY: Your Honor, we submitted --
20  MR. BIGELOW: -- not from us, your Honor.
21  THE COURT: You don't want them removed?
22  MR. BIGELOW: Well, I want the documents
23  themselves removed. Mr. Seikaly is trying to get an
24  order admitted which exonerates him from any
25  liability regarding the violation of the privacy

**Page 11**

1  rights of these 37 potential plaintiffs. He wants
2  the Court to enter an order which indicates --
3  THE COURT: Well, let's just talk about
4  your motion. Okay. You want an order requiring
5  removal of documents relating to Social Security
6  numbers and private confidential information from
7  the court file. That's Exhibit 3, 15 and 17, right?
8  MR. BIGELOW: Yes.
9  THE COURT: Okay.
10  MR. BIGELOW: From his supplemental to the
11  summary judgment motion.
12  THE COURT: Okay.
13  MR. RANDAZZO: And my understanding is we
14  agreed to that.
15  MR. SEIKALY: Well, I'm sorry, your Honor,
16  there's no question that the Social Security numbers
17  should be redacted. Nobody argues that point. I
18  submitted an order with an e-mail saying I'm not
19  suggesting that you're waiving any other rights, but
20  we ought to get the Social Security numbers
21  redacted.
22  THE COURT: No response?
23  MR. SEIKALY: Well, not only was there no
24  response, Mr. Randazzo and I both signed the order,
25  we sent it to Mr. Bigelow, it wasn't entered. It

**Page 12**

1  was sent to him within 48 hours. I mean, I was
2  really crazy busy that week but within 48 hours of
3  discovering this, because I didn't see these Social
4  Security numbers, none of us did, and we agree they
5  ought to be redacted, the numbers.
6  THE COURT: It seems to boil down to
7  whether they should be redacted or removed.
8  MR. SEIKALY: Well --
9  MR. BIGELOW: Judge, I think I'd need to
10  make my motion here. Can I do that?
11  THE COURT: Certainly.
12  MR. BIGELOW: Thank you. Your Honor, as far
13  as the proposed order Mr. Seikaly submitted, that
14  order indicates that the information was submitted
15  inadvertently. And, I have a board, ten board
16  members, total of 37 people that aren't very happy
17  with the fact that these Social Security numbers
18  were released potentially to the general public,
19  and, he would like an order which is going to
20  protect him and his client under the Social Security
21  Privacy Act from any claims made by these people. I
22  certainly don't have the authority to do that.
23  There's three documents we're talking
24  about. There's is the roster containing all the
25  Social Security numbers of the plaintiff's employees

**Page 13**

1  and board members.
2  THE COURT: That is Exhibit 3?
3  MR. BIGELOW: That is Exhibit 3. There is
4  absolutely no probative value to this document.
5  It's completely done to harass these people. And in
6  addition, your Honor, the other two documents
7  contain private information regarding credit union
8  members who have accounts. And one of them is even
9  an examination report response which was submitted
10  to the state that Mr. Seikaly doesn't have any basis
11  for even having. Your Honor, we don't know how
12  these documents were illegally obtained by Mr.
13  Seikaly and that's very important too.
14  I have filed a motion for disqualification
15  to be heard on the 31st. I spoke to your clerk on
16  the 7th I believe when I was advised that the Court
17  would not be hearing the motion ex-parte.
18  THE COURT: Clearly, I would not hear it
19  ex-parte, and I'm not going to get involved between
20  any other claims that might be pending between you
21  and Mr. Bigelow, your client, or any of these
22  individuals and any other opposing counsel or their
23  clients so don't try and set this up to make this
24  Court involved in that because I'm not going to get
25  involved in it. All right?

**Page 14**

1  MR. BIGELOW: And I think --
2  THE COURT: In terms of the Social Security
3  numbers in Exhibit Number 3, Exhibit 3 is going to
4  stay in. All the Social Security numbers will be
5  redacted. Okay.
6  Exhibit Number 15, this is the document,
7  the Management Action Review, the MARS documents.
8  MR. BIGELOW: Yes.
9  THE COURT: What's the problem with that?
10 It appears to deal with some of the individuals
11 and/or loans and/or information in this case.
12 MR. BIGELOW: I believe there are some
13 individuals who don't apply in this case.
14 THE COURT: There's some that do apply
15 also, correct?
16 MR. BIGELOW: Yes, I believe so.
17 THE COURT: Okay. And do you want --
18 clearly the ones that apply would seem to be
19 pertinent?
20 MR. BIGELOW: I don't think -- like I said,
21 Judge, this is a cumulative document and, you know,
22 Mr. Seikaly has not indicated how he obtained these
23 documents. I certainly would have never given him a
24 list of full roster of people's Social Security
25 numbers.

ANGELA M. LITTLE, CSR-6444, RPR
40 N. Main Street, Mt. Clemens, MI  48043
(586) 469-5832

**Page 15**

1  THE COURT: We're past Social Security. I
2  look at it as two ways: A) I don't know why you
3  didn't give it to him if it's pertinent and, (B) I
4  don't know how we got it if it wasn't provided to
5  him. My rule now is to rule on these motions. I'm
6  not going to get involved in whether or not you want
7  to file misdemeanor charges against his clients or
8  Mr. Randazzo's clients, or if there's going to be
9  legal or criminal investigations. Not going to go
10 there so don't try to position it that way. All
11 right. Same for you counsel.
12 MR. SEIKALY: I haven't said anything, your
13 Honor.
14 THE COURT: In terms of Exhibit 15, those
15 documents they have some information relating to the
16 parties in this case.
17 MR. RANDAZZO: Right.
18 THE COURT: I mean, I read them, Mr.
19 Bigelow. I mean, we've got Darria Brown all over
20 this. Exhibit 15 is going to stay. In terms of
21 Exhibit 17, that's the January 8, 2013 letter to the
22 State of Michigan, correct?
23 MR. BIGELOW: Yes, it is.
24 THE COURT: Okay. And that's in response
25 to a recorded examination?

ANGELA M. LITTLE, CSR-6444, RPR
40 N. Main Street, Mt. Clemens, MI  48043
(586) 469-5832

**Page 16**

1  MR. BIGELOW: Yes, and it contains numerous
2  credit union members who have accounts, they're
3  listed as well.
4  THE COURT: And the significance of this
5  document?
6  MR. SEIKALY: Relates to the fact that they
7  were well aware of what was going on with this
8  phone. And, your Honor, I'm sorry, I did not have a
9  chance to look at that document, but I wouldn't have
10 admitted it if -- I wouldn't have used it. Nobody
11 objected to its relevance at any point in time.
12 THE COURT: I know. It's been around for a
13 couple of months. The individuals who are not
14 pertinent to this lawsuit should be redacted --
15 MR. SEIKALY: Yes.
16 THE COURT: -- from Exhibit 17. I mean, I
17 recognize some of the names in here, but I don't
18 pretend to know all the names and individuals that
19 were discussed during the course of discovery. I
20 want you to look through Exhibit 17 now and tell me
21 which individuals in your opinion were related to
22 this --
23 MR. SEIKALY: Thank you, your Honor.
24 THE COURT: -- litigation. And then Mr.
25 Bigelow can tell me why he agrees or not and then I

ANGELA M. LITTLE, CSR-6444, RPR
40 N. Main Street, Mt. Clemens, MI  48043
(586) 469-5832

**Page 17**

1  will make a ruling in terms of the remaining
2  individuals.
3  MR. SEIKALY: Your Honor, the relevance of
4  that document was to establish that as of the time
5  that Mrs. Shibanov left, there was no deficiency.
6  THE COURT: Okay.
7  MR. SEIKALY: The fact that they're
8  responding to the issues of deficiency in this loan
9  isn't even mentioned and my client is now gone, is
10 directly relevant how they viewed what was going on.
11 THE COURT: This is January, 2013?
12 MR. SEIKALY: Yes. And, your Honor, I have
13 no objection, by the way, to redacting the names.
14 It's not what we've done in this case, but if
15 Mr. Bigelow's concern is that there are names in
16 there, you can redact every name that's in there and
17 I'm not going to object. I'm not here to create
18 problems or embarrass people.
19 THE COURT: Okay. Then redact the names in
20 Exhibit 17.
21 MR. SEIKALY: Thank you, your Honor.
22 THE COURT: Okay. So plaintiff's motion is
23 granted in part as to Exhibit 3, the Social Security
24 numbers will be redacted; denied as to Exhibit 15,
25 that document stays; and granted in part as to

ANGELA M. LITTLE, CSR-6444, RPR
40 N. Main Street, Mt. Clemens, MI  48043
(586) 469-5832

1  Exhibit 17, the document stays and the names are
2  redacted. And I will take Holyk's motion for costs
3  under advisement as soon as I find the motion.
4      MR. SEIKALY: Very good. Your Honor, one
5  housekeeping matter. We have some motions in limine
6  that are going to be due, and we can't seem to agree
7  when what depositions get taken. The motion for
8  that it's not set for another two weeks. I hate to
9  bother the Court with it today, but I don't know
10 what to do. If there is this much chance of a trial
11 going forward, I'm going to get motions in limine
12 and I'm going to keep on going. I don't think that
13 there is. I think the Court made that clear in its
14 order, but I have done everything short of begging
15 to try and to move these two depositions and I can't
16 seem to get that done.
17     THE COURT: I don't technically have the
18 motion regarding your client's deposition in front
19 of me, although everybody's referred to it. What's
20 the stalemate, whether we finish Jakymowych's first
21 and then do Shibanov?
22     MR. SEIKALY: No. Your Honor, I mean, yes.
23 I mean, that's one of the issues and I've -- you've
24 read the -- you've had the e-mails back and forth,
25 I'm willing to do my client's depositions at the,

                        18
        ANGELA M. LITTLE, CSR-6444, RPR
        40 N. Main Street, Mt. Clemens, MI  48043
                   (586) 469-5832

1  you know, the same day as Mr. Jakymowych's finishes,
2  but what happened was is we asked for some dates, he
3  said I'm going to file a motion --
4      THE COURT: Well --
5      MR. SEIKALY: -- for clarification. Your
6  Honor, I was served with that motion today.
7      THE COURT: Okay.
8      MR. SEIKALY: We just need to get this
9  scheduled. We can do them, we can do Mr.
10 Jakymowych, which is limited to an hour and fifteen
11 minutes, two sessions. We can do a Monday and
12 Tuesday and he can take my client's Tuesday
13 afternoon because she's in a different time zone
14 anyhow.
15     THE COURT: You want me to decide this
16 today, gentlemen?
17     MR. BIGELOW: I want you to decide it the
18 31st, Judge. I think you need to look at my motion.
19     THE COURT: Which motion is that?
20     MR. BIGELOW: It's the motion related to
21 the discovery. Mr. Seikaly wouldn't produce his
22 client. He wouldn't give me dates. It's all laid
23 out in my motion.
24     THE COURT: I will just tell you right now,
25 I read the e-mail and I disagree with your version

                        19
        ANGELA M. LITTLE, CSR-6444, RPR
        40 N. Main Street, Mt. Clemens, MI  48043
                   (586) 469-5832

1  of them. So if you want to figure it out between
2  now and the 31st, feel free to do that. All right.
3      MR. BIGELOW: Thank you, Judge.
4      MR. RANDAZZO: Thank you, your Honor.
5      MR. SEIKALY: Your Honor, should we be
6  filing our motions in limine?
7      THE COURT: You should because we're going
8  to try this case at the end of November.
9      MR. SEIKALY: I disagree with you, but
10 that's only because of what you already said in your
11 order. But, thank you, your Honor.
12 (At 11:09 a.m., proceedings concluded)
13        *      *      *

                        20
        ANGELA M. LITTLE, CSR-6444, RPR
        40 N. Main Street, Mt. Clemens, MI  48043
                   (586) 469-5832

```
 1      STATE OF MICHIGAN    )
 2                           )    SS
 3      COUNTY OF MACOMB     )
 4
 5
 6              CERTIFICATE OF COURT REPORTER
 7
 8           I, Angela M. Little, Certified Court
 9      Reporter, of the Sixteenth Judicial Circuit, in the
10      State of Michigan, do hereby certify that the
11      foregoing pages, 1 through 21, inclusive, comprise a
12      full, true, and correct transcript of the
13      proceedings had in the matter of UKRAINIAN FUTURE
14      CREDIT UNION, a state chartered credit union,
15      Plaintiff, versus ADRII B. GARAK, et al, Defendants,
16      Case No. 2015-0524-CZ, on Monday, 17th of
17      October, 2016.
18
19
                            /s/ Angela M. Little
20                          ANGELA M. LITTLE - CSR-6444, RPR
21
        DATED: 4/30/17
22
23
24
25
```