# EXHIBIT 5

```
 1                    STATE OF MICHIGAN

 2       IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

 3   UKRAINIAN FUTURE CREDIT UNION,
     a state chartered credit
 4   union,

 5              Plaintiff,        Case No. 2015-0524-CZ

 6       vs.

 7   ADRII B. GARAK, et al,

 8              Defendants.
                                       /
 9
                         PROCEEDINGS
10
         BEFORE THE HONORABLE DIANE M. DRUZINSKI, CIRCUIT
11                          JUDGE

12      Mount Clemens, Michigan - Monday, October 31, 2016

13
        APPEARANCES:
14
     For the Plaintiff:     JAMES W. BIGELOW (P42331)
15                          41570 Hayes Road, Suite E-1
                            Clinton Township, MI  48038
16                          (586) 530-7788

17
     For the Defendant:     WILLIAM R. SEIKALY (P33165)
18                          30445 Northwestern Hwy., Suite 250
                            Farmington Hills, MI  48334
19                          (248) 785-0102

20

21

22

23

24

25
```

```
 1   For the Defendant:      DANIEL RANDAZZO (P39935)
                             2731 S. Adams Road, Ste. 100
 2                           Rochester Hills, MI 48309
                             (248) 853-1003
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23   REPORTED BY:            ANGELA M. LITTLE, CSR-6444, RPR
                             Certified Court Reporter
24                           (586) 469-5832
25
```

```
 1                    TABLE OF CONTENTS
 2                                                          PAGE
 3       WITNESSES:    PLAINTIFF
 4       None.
 5
 6
 7       WITNESSES:    DEFENDANT
 8       None.
 9
10
11
12
13
14       EXHIBITS                                       ADMITTED
15       None offered.
16
17
18
19
20
21
22
23
24
25
```

```
 1                                    Mount Clemens, Michigan
 2                                    Monday, October 31, 2016
 3                                    At about 9:24 a.m.
 4                         -  -  -
 5        (Court, Counsel and parties present.)
 6             THE CLERK:  Ukrainian Credit Union versus
 7   Garak.
 8             MR. BIGELOW:  Good morning, your Honor.  For
 9   the record, James Bigelow, appearing on behalf of
10   the plaintiff.
11             THE COURT:  Good morning.
12             MR. SEIKALY:  William Seikaly appearing on
13   behalf of the defendant Shibanov, your Honor.
14             MR. RANDAZZO:  Daniel Randazzo on behalf of
15   Mr. Holyk.
16             THE COURT:  Good morning.
17             MR. RANDAZZO:  Good morning, Judge.
18             THE COURT:  I have the Credit Union's
19   motion, correct?
20             MR. BIGELOW:  Yes, your Honor.
21             THE COURT:  Okay.
22             MR. BIGELOW:  Your Honor, there is one
23   brief administrative issue I wanted to bring to the
24   Court's attention.  Two weeks ago when we were here
25   I obtained an order to redact the Social Security
```

1  numbers from the court file and there actually was a
2  second placement of the document containing those
3  numbers.  It was at Ms. Shibanov's motion for
4  summary judgment.  I did redact the Social Security
5  numbers from that document as well.  That's
6  Exhibit 2 to her original motion for summary, Judge.
7            THE COURT:  No objection?
8            MR. SEIKALY:  Of course not, your Honor.
9            THE COURT:  Okay.
10           MR. BIGELOW:  Your Honor, as you're aware
11 at some point in this case Mr. Seikaly came into
12 possession of a document containing 37 Social
13 Security numbers of all the employees and board
14 members of the plaintiff.
15           THE COURT:  Before we go down that road
16 again, you've got a motion to compel a deposition,
17 clarification of an order, and disqualification?
18           MR. BIGELOW:  Yes, your Honor.
19           THE COURT:  What are we dealing with first?
20           MR. BIGELOW:  I would like to deal with the
21 disqualification issue first.
22           THE COURT:  I've read everything in your
23 motion.  Is there anything that you would like to
24 add?
25           MR. BIGELOW:  Your Honor, as far as the

1  statutory issues involved here, there is the
2  Identity Theft Protection Act in the state of
3  Michigan, that's MCL 445.63.  Also, the Computer
4  Fraud and Abuse Act, 18 U.S.C. 1030.  At this date,
5  they both come into play in this case.  At this
6  point, your Honor, Mr. Seikaly is refusing to tell
7  the Court what other documents he has that were
8  stolen from my client.  We know he had some
9  documents that contained personal and confidential
10 information of the employees and he would like to
11 sit Mr. Jakymowych down to do depositions to
12 continue in this case presumably to use those stolen
13 documents.  He needs to come forward today and tell
14 the Court how he obtained those documents.  He needs
15 to return those documents to the plaintiff.
16         THE COURT:  And that's relative to your
17 motion for what?
18         MR. BIGELOW:  For disqualification.
19         THE COURT:  Any response, Mr. Seikaly?
20         MR. SEIKALY:  Briefly, your Honor.  I'd
21 like the Court to know that in November of 1963 I
22 was in Detroit, not in Dallas.  Your Honor, I
23 viewed this motion as frivolous, but I must take it
24 seriously.  I retained counsel because in 30 years
25 of practicing law, I've never faced a motion like

```
 1        this.  I'm informed that when there's a potential
 2        for conflict you have an obligation to inform your
 3        client, which I've done.  You have to evaluate any
 4        potential conflict.  The allegation of conflict here
 5        is somehow my client and I are now both subject to
 6        criminal prosecution.  Your Honor, let's make it
 7        real clear on the record I make the decisions about
 8        what exhibits get put into a motion, not my client.
 9        To the extent -- and I want to make this clear -- I
10        didn't do anything wrong.  This was an error.  We
11        all made it.  We all should have caught it.  None of
12        us did.  But to the extent there is anyone
13        responsible, it's obviously me, not my client.
14        Therefore, I don't have a conflict and I got an
15        independent view of that.
16              Your Honor, I also informed my client of
17        her ability to seek different counsel.  My client
18        was clear.  I don't want to -- I don't want to waive
19        privilege, but I have a letter the Court could see
20        from my client on that.
21              Your Honor, I think I cited everything else
22        in the brief.  In terms of Mr. Bigelow's allegation
23        that I have stolen something, or my client has
24        stolen something, you will note that the real
25        question is why weren't they produced and they know
```

```
 1    where it came from.  I'm not going to get into it.
 2    If the Court wishes to examine me in-camera, I'll
 3    raise my right hand and I'll tell the Court what's
 4    going on here.  But, this is simply an effort to
 5    extort from my client.  The Court's already ruled
 6    that this case is hanging on by a sliver and they're
 7    desperate.  That's what's going on.  Thank you, your
 8    Honor.
 9              MR. BIGELOW:  May I respond, your Honor?
10              THE COURT:  Briefly.
11              MR. BIGELOW:  Just on two issues.  There's
12    no affidavit from Mr. Seikaly's client in this case
13    supporting anything he just said.  Also, as to the
14    fact that through discovery, Mr. Seikaly indicates
15    that these documents should have been produced in
16    discovery.  He actually puts a quote in his brief
17    and indicates that, Well, here's what we asked for
18    and he references an exhibit.  The exhibit is
19    actually a letter and not any discovery request
20    prepared or submitted to me.  And certainly I would
21    have never given Mr. Seikaly these documents.
22    They're not relevant.  They contain private
23    confidential information.  He's not coming forward
24    today to tell anybody how he got these documents.
25    There clearly is an underlining larceny here.
```

1  There's a larceny by conversion since he have these
2  documents, is utilizing them in a case, and he won't
3  say where he got them.
4        THE COURT: In terms of your motion to
5  disqualify, it's respectfully denied. I am not
6  making any finding that there was direct or actually
7  I am making a finding that as far as I'm aware at
8  this point, there's no direct or indirect conflict
9  on the part of Mr. Seikaly involving what you allege
10 to be illegally obtained documents and then a
11 subsequent knowing and illegal production of those
12 documents which resulted in some sort of harm. This
13 Court is not going to do your work for you,
14 Mr. Bigelow. If you think there was a crime
15 committed, you have other avenues. Quit raising the
16 issue. I'm not going to address it again. Is that
17 clear? I'm not going to entertain any more motions
18 involving any of these issues in which you allege
19 these documents were stolen. Mr. Seikaly alleges
20 they should been produced so your motion to
21 disqualify Mr. Seikaly is respectfully denied.
22       MR. SEIKALY: Thank you, your Honor.
23       THE COURT: All right. Motion to compel.
24       MR. BIGELOW: Motion to compel the
25 deposition of Mrs. Shibanov, your Honor. She was

1   not produced.  Can I ask the Court one question
2   regarding the documents?
3           THE COURT:  No.  We're moving on.
4           MR. BIGELOW:  Okay.  Your Honor, as to Mrs.
5   Shibanov, I gave Mr. Seikaly a two-week window
6   before I left for vacation quite some time ago; he
7   did not respond at all.  I scheduled the deposition
8   as a video deposition.  In light of the document
9   theft here and these other issues, I do think she
10  should be required to appear live so we can get into
11  that as well as all the other issues in the case,
12  and that's what I'm requesting in regards to Mrs.
13  Shibanov.  I believe she should be produced first.
14  As to Mr. Jakymowych, Mr. Seikaly was given
15  unfettered opportunity to question Mr. Jakymowych
16  for two-and-a-half hours.  He has indicated that the
17  deposition of Mr. Jakymowych is concluded both in
18  e-mails and in a pleading.  I think his direct
19  examination should be deemed concluded and the
20  witness tendered to the plaintiff.
21          THE COURT:  Mr. Seikaly?
22          MR. SEIKALY: Your Honor, the question
23  becomes how many times can we cover the same issue.
24  I did state that I was filing a motion upon the
25  completion of what the Court had ordered for Mr.

1  Jakymowych's deposition. In the deposition
2  transcript it says I still have questions. I asked
3  him if I could move forward. Despite the fact that
4  Mr. Jakymowych said, Yeah, let's get it done, Mr.
5  Bigelow stopped the deposition. So that's not
6  completed in my opinion.
7       Secondly, he is right. He sent me a
8  letter, an e-mail actually, saying here is some
9  times I want to take the deposition. I sent him an
10 e-mail back while he was on vacation saying, Look,
11 the judge has ruled, you don't have much of a case,
12 let's try to resolve this case and let's schedule
13 both depositions. I got an e-mail back that I
14 thought was a little snarky saying, I'm on vacation.
15 I've left you alone. Leave me alone. And, I did.
16 Your Honor, my client didn't show up. His client
17 didn't show up after I subpoenaed him. So, look,
18 I'm going to, I want to make this real clear, I'm
19 going to do whatever the Court says, and I'm not
20 going to bring a motion for clarification, I'm not
21 going to bring a motion to rehear, I'm not going to
22 do any of those things. But, respectfully, your
23 Honor, you have the patience of Job; you certainly
24 have more than I do. And at some point, you've got
25 to tell people who act this way that it's got to

```
 1    stop. I cancelled both deps.  But, whatever the
 2    Court orders, I'm going to follow.  Thank you.
 3              THE COURT:  Mr. Bigelow?
 4              MR. BIGELOW:  Your Honor, as to the
 5    subpoena, that was just another act of unethical
 6    conduct by Mr. Seikaly.  He didn't subpoena me.  He
 7    didn't send the notice to me.  He didn't send the
 8    letter to me alone.  He actually had Mr. Jakymowych
 9    served, a clear violation of the ethical rule,
10    Michigan Rule of Professional Conduct 4.2.  This
11    conduct is just going to continue.  He's in
12    possession of stolen documents.  This is what's
13    going to continue to --
14              THE COURT:  Mr. Bigelow, I've told you I'm
15    not going to be the public forum for your
16    allegations regarding the documents, the
17    disqualification, the unethical behavior.  I have
18    had it up to my eyeballs with that.  I've had up to
19    my eyeballs that it is contained in every single
20    brief and in every single motion and it takes me an
21    hour and a half to figure out what it is that you
22    want from your continual motions, other than to just
23    continually place in the public what you believe Mr.
24    Seikaly is responsible or guilty of, and I'm not
25    going to hear it anymore.
```

```
 1              It was a blatant misrepresentation that you
 2   did not hear from Mr. Seikaly at all regarding your
 3   request for deposition dates for his client.  I read
 4   those e-mails.  It's also a blatant misrepresentation
 5   in one of the depositions when Mr. Seikaly indicated
 6   he had these documents and you said he's bragging
 7   about them.  He just acknowledged that he had them
 8   and you were questioning about it.  I don't know
 9   what you're reading that I'm reading differently
10   that I don't see nor hear the same things that you
11   continually reiterate in brief and in open court.
12              In terms of the motion to compel, first of
13   all, we're going to finish Mr. Jakymowych's
14   deposition.  All right.  Mr. Seikaly, you have
15   another hour and one-half with him.
16              In terms of your the client, she's to be
17   produced.  We were going to do video depositions and
18   that's still going to remain the same.
19              MR. SEIKALY: Your Honor, video conferences?
20              THE COURT:  Video conference.  She's out of
21   state somewhere --
22              MR. SEIKALY:  She is, your Honor.
23              MR. BIGELOW:  And how long will I have with
24   Mr. Jakymowych?
25              THE COURT:  He's your client, right, or
```

```
 1    your representative?  Or, I mean, I don't know what
 2    you want to do with him.  What do you mean how long
 3    do you have with him?
 4            MR. BIGELOW:  I mean, well, he does have
 5    health concerns as you recall.  You limited the
 6    deposition.
 7            THE COURT:  Well, I did.  Well, first of
 8    all, your behavior which is borderline obstructive,
 9    you didn't want to produce him.  You filed a motion
10    for protective order, provided me his medical
11    records.  I reviewed it and I said his deposition
12    could go on in increments.  He was apparently fine
13    to continue, but you didn't want to do.  So now you
14    want to continue so that you can cross-examine your
15    client?
16            MR. BIGELOW:  Yes.
17            THE COURT:  Your representative?  He's okay
18    to do that?
19            MR. BIGELOW:  My client's employee.
20            THE COURT:  Your client's employee.  So
21    he's okay to participate in that; is that correct?
22            MR. BIGELOW:  I mean, I think it should be
23    incrementally done, sure.
24            THE COURT:  Any response, Mr. Seikaly?
25            MR. SEIKALY:  Your Honor, here is my only
```

```
 1    problem: I get an hour and a half. If he takes an
 2    hour and a half, I have more questions. And when
 3    the Court requires us to come back for this, Mr.
 4    Randazzo's here, he saw, he saw Mr. Jakymowych.
 5    This gentlemen didn't have any trouble with this
 6    deposition. Again, I can't really challenge the
 7    Court's ruling on this. You saw the medical
 8    records.
 9              THE COURT: I saw the medical records,
10    yeah.
11              MR. SEIKALY: But he says he works seven
12    hours a day.
13              MR. BIGELOW: That's false pride, your
14    Honor. That's just his pride.
15              THE COURT: Mr. Bigelow, I'm not going to
16    entertain anymore motions regarding the depositions
17    or the records again. Okay. Mr. Jakymowych is
18    going to be produced. You have another hour and
19    15 minutes with him Mr. Seikaly.
20              MR. SEIKALY: You just said an hour and a
21    half. Which is --
22              THE COURT: Did I say hour and a half? I
23    can't remember what I originally ruled.
24              MR. SEIKALY: Well, the original one was an
25    hour and 15. You just said an hour and a half. I
```

```
 1    just want to know which one?
 2               THE COURT:  Hour and 15 minutes is fine.
 3    We'll stay consistent.
 4               MR. BIGELOW:  Thank you, your Honor.
 5               THE COURT:  And, Mr. Bigelow you can have
 6    an hour and 15 minutes and then if Mr. Seikaly wants
 7    to follow-up what you addressed in cross, he can.
 8    And if Mr. Jakymowych is able to stay all day, then
 9    we'll finish it in one day.  When he's done, then
10    we'll do Mr. Seikaly's client by video conferencing.
11               MR. SEIKALY:  Thank you, your Honor.
12               MR. BIGELOW:  Thank you, your Honor.
13               MR. SEIKALY: Your Honor, we're going to run
14    into trouble with the trial date.
15               THE COURT:  No, we're not.  Trial is going
16    on November 29th for the one sole remaining issue.
17               MR. SEIKALY:  Well, your Honor, I assume
18    that the Court will rule on that when we submit
19    these supplemental depositions before the 29th.
20               THE COURT: Yes.  In fact, I would like
21    Jakymowych's and your client's deposition done this
22    week.
23               MR. BIGELOW:  We'll try, your Honor.
24               THE COURT:  If you can fit them in.
25               MR. SEIKALY:  I'll do my best.
```

17

1         MR. BIGELOW: Thank you, your Honor.
2         MR. SEIKALY: Thank you, your Honor.
3         MR. RANDAZZO: Thank you, your Honor.
4         THE COURT: Do a yellow order, please.
5         MR. BIGELOW: Of course.
6         MR. SEIKALY: Thank you, your Honor.
7    (At 9:39 a.m., proceedings concluded)
8            *       *       *

ANGELA M. LITTLE, CSR-6444, RPR
40 N. Main Street, Mt. Clemens, MI 48043

```
 1      STATE OF MICHIGAN    )
 2                           )    SS
 3      COUNTY OF MACOMB     )
 4
 5
 6              CERTIFICATE OF COURT REPORTER
 7
 8              I, Angela M. Little, Certified Court
 9      Reporter, of the Sixteenth Judicial Circuit, in the
10      State of Michigan, do hereby certify that the
11      foregoing pages, 1 through 18, inclusive, comprise a
12      full, true, and correct transcript of the
13      proceedings had in the matter of UKRAINIAN FUTURE
14      CREDIT UNION, a state chartered credit union,,
15      Plaintiff, versus ADRII B. GARAK, et al, Defendant,
16      Case No. 2015-0524-CZ, on Monday, 31st of
17      October, 2016.
18
19
                            /s/ Angela M. Little
20                          ANGELA M. LITTLE - CSR-6444, RPR
21
        DATED: 11/1/16
22
23
24
25
```

18

```
 1    STATE OF MICHIGAN      )
 2                           )   SS
 3    COUNTY OF MACOMB       )
 4
 5
 6              CERTIFICATE OF COURT REPORTER
 7
 8         I, Angela M. Little, Certified Court
 9    Reporter, of the Sixteenth Judicial Circuit, in the
10    State of Michigan, do hereby certify that the
11    foregoing pages, 1 through 18, inclusive, comprise a
12    full, true, and correct transcript of the
13    proceedings had in the matter of UKRAINIAN FUTURE
14    CREDIT UNION, a state chartered credit union,,
15    Plaintiff, versus ADRII B. GARAK, et al, Defendant,
16    Case No. 2015-0524-CZ, on Monday, 31st of
17    October, 2016.
18
19
                      /s/ Angela M. Little
20                    ANGELA M. LITTLE - CSR-6444, RPR
21
      DATED: 11/1/16
22
23
24
25
```

18