# EXHIBIT 11



## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

UKRAINIAN FUTURE CREDIT UNION,
a state chartered credit union,
    Plaintiff,
v.

Case No.   15-0524-CZ
Hon. Carl J. Marlinga

ANDRII B. GARAK,
    an individual,
SVITLANA GARAK,
    an individual,
IHOR HOLYK,
    an individual,
OKSANA HOLYK,
    an individual,
LIDIA SHIBANOV,
    an individual, and
VASILY SHIBANOV,
    an individual, and
    Defendants, Jointly & Severally.
_____/

James W. Bigelow (P42331)
Attorney for Plaintiff
4337 E. Grand River, #227
Howell, MI 48843
(586) 530-7788

Daniel Randazzo (P39935)
Attorney for Defendants
Ihor & Oksana Holyk
2731 South Adams Rd., Suite 100
Rochester Hills, MI 48309
(248) 853-1003

Larry W. Bennett (P26294)
Attorney For Defendants
Lidia and Vasily Shibanov
30445 Northwestern Hwy., Suite 250
Farmington Hills, MI 48334
(248) 785-0102
_____/

**PLAINTIFF'S MOTION FOR REHEARING AND/OR RECONSIDERATION OF THE COURT'S ORDER ASSESSING CASE EVALUATION SANCTIONS ENTERED ON AUGUST 21, 2017**

NOW COMES Plaintiff, Ukrainian Future Credit Union, by and through its attorney, James W. Bigelow, pursuant to MCR 2.119(F) and for its Motion for Rehearing and/or Reconsideration of the Court's Order Assessing Case Evaluation Sanctions entered on August 21, 2017 states as follows:

1. On August 4, 2017, this honorable court rendered its opinion on the record assessing case evaluation sanctions against Plaintiff. (Exhibit 1).

2. At the evidentiary hearing on case evaluation sanctions, Plaintiff was precluded from questioning William Seikaly regarding his source for obtaining private and confidential identified and unidentified records of Plaintiff in Mr. Seikaly's possession which were obtained outside of discovery in the proceedings in this matter and contributed to the majority of the alleged attorney fees incurred by Mr. Seikaly's client.

3. At the evidentiary hearing on case evaluation sanctions, Plaintiff was also precluded from questioning Defendant Lidia Shibanov regarding any knowledge she has regarding the source of the aforementioned private and confidential records of Plaintiff in the possession of Mr. Seikaly and his firm.

4. Accordingly, Plaintiff was effectively precluded at hearing from obtaining any direct evidence in the possession and knowledge of Defendant Lidia Shibanov and her attorney regarding the method and source of obtaining the documents, the obtaining and possession of which constitutes a federal crime pursuant to 18 U.S.C. §2113.

5. On August 9, 2017, Plaintiff filed its First Amended Complaint in the United States District Court for Eastern District of Michigan against Defendants Lidia Shibanov, William Seikaly and his law partners, as well as the law firm of Seikaly, Stewart & Bennett, P.C.

6. The First Amended Complaint alleges, in part, the following:

- Defendant Lidia Shibanov obtained private and confidential records of Plaintiff by downloading and illegally retaining the documents regarding hundreds of credit union members, employees and board members, including the 2011-2012 credit union roster, which was illegally filed by Mr. Seikaly in the within action;

- It is a federal crime to unlawfully obtain and possess documents from a state chartered credit union with deposits insured by the National Credit Union Administration; and,

- Defendant Shibanov had a statutory and contractual obligation under state law not to possess and disclose Plaintiff's private and confidential records. (Exhibit 2).

7. At the hearing conducted on August 4, 2017, testimony was provided to the court by way of a preeminent attorney that it is unlawful for an individual to profit through illegal activity and, further, that it is unlawful for an attorney to profit from unethical and/or illegal activity and, therefore, Defendant Shibanov and her attorneys are therefore precluded from recovering case evaluation sanctions.

8. Defendant's counsel has repeatedly stated in pleadings and on the record to this Court that he "legally" obtained both the identified and unidentified private and confidential documents in his possession, though he has refused to provide the identity of the individual(s) who provided him with the documents.

4

9. Defense counsel's lack of candor and false statements made to the court warrant the setting aside of the order for case evaluation sanctions entered by the Court on August 21, 2017, as is more fully set forth in the attached brief.

10. The court should set aside the case evaluation sanction award entered in favor of Defendant Holyk, as Defendant Shibanov and her attorneys should be required to pay Defendant Holyk's requested costs and fees, as the majority of Holyk's asserted costs and fees were necessitated by the wrongful conduct of Defendant Shibanov and her attorneys. See *Maple Hill Apt. Co. v. Stine*, 131 Mich App 371, 346 NW2d 555 (1984).

WHEREFORE, Plaintiff respectfully requests that the court set aside its order of August 4, 2017 and continue the evidentiary hearing at a mutually convenient date and time, set aside the order assessing case evaluation sanctions and/or dismiss Defendant Shibanov's request for case evaluation sanctions in its entirety and order any further relief it deems appropriate.

Respectfully Submitted,

_____
James W. Bigelow (P42331)
Attorney for Plaintiff
4337 E. Grand River, #227
Howell, MI  48843
(586) 530-7788

## PROOF OF SERVICE

     James W. Bigelow states that he is an attorney representing the Plaintiff in the aforementioned matter and that on September 7, 2017, he did serve in the manner indicated below, a copy of the Plaintiff's Motion for Rehearing and/or Reconsideration of the Court's Order Assessing Case Evaluation Sanctions, Supporting Brief and a copy of this Proof of Service upon:

| | |
|---|---|
| Larry W. Bennett-- *via first class US mail* | Daniel Randazzo-- *via first class US mail* |
| 30445 Northwestern Hwy., Suite 250 | 2731 South Adams Rd., Suite 100 |
| Farmington Hills, MI 48334 | Rochester, MI 48309 – 5513 |

     I declare that the statements above are true to the best of my knowledge, information and belief.

                                                         James W. Bigelow

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

UKRAINIAN FUTURE CREDIT UNION,
a state chartered credit union,            Case No.   15-0524-CZ
    Plaintiff,                         Hon. Carl J. Marlinga
v.

ANDRII B. GARAK,
    an individual,
SVITLANA GARAK,
    an individual,
IHOR HOLYK,
    an individual,
OKSANA HOLYK,
    an individual,
LIDIA SHIBANOV,
    an individual, and
VASILY SHIBANOV,
    an individual, and
    Defendants, Jointly & Severally.
_____/

| | |
|---|---|
| James W. Bigelow (P42331) | Daniel Randazzo (P39935) |
| Attorney for Plaintiff | Attorney for Defendants |
| 4337 E. Grand River, #227 | Ihor & Oksana Holyk |
| Howell, MI 48843 | 2731 South Adams Rd., Suite 100 |
| (586) 530-7788 | Rochester Hills, MI 48309 |
| | (248) 853-1003 |

Larry W. Bennett (P26294)
Attorney for Defendants
Lidia and Vasily Shibanov
30445 Northwestern Hwy., Suite 250
Farmington Hills, MI 48334
(248) 785-0102
_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR REHEARING AND/OR RECONSIDERATION OF THE COURT'S ORDER ASSESSING CASE EVALUATION SANCTIONS ENTERED ON AUGUST 21, 2017**

## INTRODUCTION

On August 4, 2017, this honorable court rendered its opinion on the record assessing case evaluation sanctions against Plaintiff. (Exhibit 1). At the evidentiary hearing on case evaluation sanctions, Plaintiff was precluded from questioning William Seikaly regarding his source for obtaining private and confidential identified and unidentified records of Plaintiff in Mr. Seikaly's possession which were utilized in the proceedings in this matter and contributed to the majority of the alleged attorney fees incurred by Mr. Seikaly's client. Plaintiff was also precluded from questioning Defendant Lidia Shibanov regarding any knowledge she has regarding the source of the aforementioned private and confidential records of Plaintiff in her attorney's possession. Accordingly, Plaintiff was effectively prevented at hearing from obtaining any direct evidence in the possession and knowledge of Defendant Lidia Shibanov and her attorney regarding the method and source of obtaining the documents.

On August 9, 2017, Plaintiff filed its First Amended Complaint in the United States District Court for Eastern District of Michigan against Defendants Lidia Shibanov, William Seikaly and his law partners, as well as the law firm of Seikaly, Stewart & Bennett, P.C. (Exhibit 2). The First Amended Complaint alleges, in

part--and as verified by credit union employee Daria Brown--that Defendant Lidia Shibanov obtained private and confidential records of Plaintiff by downloading and illegally retained the documents regarding hundreds of credit union members, employees and board members, including the 2011-2012 credit union roster, which was filed by Mr. Seikaly in the within action.   (Exhibits 2, 3 and 4).

## ARGUMENT

I.  **PLAINTIFF SHOULD HAVE BEEN PERMITTED TO QUESTION DEFENDANT SHIBANOV AND HER ATTORNEY REGARDING THE CREDIT UNION RECORDS OBTAINED OUTSIDE OF DISCOVERY BECAUSE THE OBTAINING AND POSSESSION OF PLAINTIFF'S PRIVATE AND CONFIDENTIAL RECORDS CONSTITUTES A FEDERAL CRIME.**

18 U.S.C.  §2113(b) expressly provides that:

> "(b)  Whoever takes and carries away with intent to steal, purloin, any property or money or any other thing of value exceeding $1,000.00 belonging to, or in the care, custody, control, management or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both; or
>
> Whoever takes and carries away with intent to steal or purloin, any property or money or any other thing of value not exceeding $1,000.00 belonging to, or in the care, custody, control, management or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than one year, or both."

Similarly, 18 U.S.C. §2113(c) expressly precludes the possession of property stolen from a credit union and provides that:

> "Whoever receives, possesses, conceals, stores, barters, sells or disposes of, any property or money or other thing of value which has been taken or stolen from a bank, credit union, or savings and loan association in violation of subsection (b), knowing the same to be property which has been stolen shall be subject to the punishment in subsection (b) for the taker."

As attested to by at least one of the preeminent attorneys that testified at the evidentiary hearing on August 4, 2017, it is unlawful for an individual to profit through illegal activity and, further, that it is unlawful for an attorney to profit from unethical and/or illegal activity and, therefore, Defendant Shibanov and her attorneys are therefore precluded from recovering case evaluation sanctions. Michigan courts have regularly refused to permit a party to profit from illegal activity. See, e.g., *Miller v. Radkopf*, 394 Mich 83, 228 NW2d 386 (1975) (a court will not enforce an agreement to share the proceeds of an illegal activity); *Kukla v. Perry*, 361 Mich 311, 105 NW2d 176 (1960) (a party cannot be permitted to enforce a promise obtained by an illegal act). Accordingly, it is appropriate for the court to set aside the prior order for case evaluation sanctions and continue the evidentiary hearing.

10

**II. THE COURT SHOULD SET ASIDE THE ORDER ASSESSING CASE EVALUATION SANCTIONS AND CONTINUE THE EVIDENTIARY HEARING BECAUSE STATE LAW PRECLUDES THE RELEASE OF PLAINTIFF'S PRIVATE AND CONFIDENTIAL DOCUMENTS BY STATE CREDIT UNION REGULATORS AND EXAMINERS.**

Just as federal law precludes Defendant Shibanov and her attorney from possessing the records of Plaintiff, the records purloined and possessed by Shibanov and her attorney are not subject to disclosure under state law and Plaintiff's request to continue the evidentiary hearing should be granted. In addition to the express provisions of 18 U.S.C. §2113 set forth above, M.C.L. 490.205 provides that:

"(1) **The commissioner and all deputies, agents, and employees of the office of financial and insurance services shall keep secret all facts and information obtained in the course of their duties, except if the person is required under law to report upon, take official action, or testify in any proceeding regarding the affairs of a credit union.** This subsection applies to all former commissioners, deputies, agents, and employees of the office of financial and insurance services.

(2) This section does not apply to, and does not prohibit the furnishing of information or documents to, any federal, foreign or out-of-state credit union regulatory agencies, and is not applicable to disclosures made in the public interest by the commissioner, at his or her discretion."

11

Despite Mr. Seikaly's ongoing misrepresentations on the record to the contrary, Defendant and her attorney are also precluded by Michigan's FOIA statute from obtaining Plaintiff's private and confidential records, as MCL 15.243(d) expressly exempts "Records or information specifically described and exempted from disclosure by statute".

Similarly, Defendant Shibanov was also precluded from disclosing the documents to her attorney. While employed by Plaintiff, Defendant Lidia Shibanov executed an "E-Commerce Policies and Procedures contract in which she recognized that "The credit union's computer system, including all email messages created, sent, or received on the system, are the credit union's property." (Exhibit 5, ¶ 10). Defendant Shibanov also executed an employee fraud policy which precluded theft of any kind from the credit union. (Exhibit 6). Ms. Shibanov was also statutorily precluded from releasing any private and confidential records to anyone in accordance with MCL 490.381, which provides in pertinent part that:

> "Except as otherwise required by law, a director, officer, member of a committee, or employee of a domestic credit union shall not disclose any confidential information related to the conduct of the domestic credit union...."

Accordingly, it is appropriate for the Court to set aside the order assessing case evaluation sanctions and continue the evidentiary hearing.

**III. THE COURT SHOULD SET ASIDE THE ORDER FOR CASE EVALUATION SANCTIONS AND REQUIRE DEFENDANT SHIBANOV AND HER ATTORNEYS TO ANSWER QUESTIONS REGARDING THE DOCUMENTS, AS THE ATTORNEY-CLIENT PRIVILEGE CANNOT BE ASSERTED.**

The Defendant has repeatedly requested that this Court conduct an *in camera* hearing regarding both the identification of the Plaintiff's documents in their possession as well as any information regarding how the documents were obtained. Plaintiff has been unable to locate any state or federal authority to support Defendant and counsel's theory that they are entitled to both an *in camera* hearing and *in camera* review of documents created and/or owned by another in an effort to both retain and refuse to identify the documents unlawfully obtained from the victimized party. In essence, Defendant and her counsel appear to be asserting that the attorney-client privilege protects them from liability for providing any information related to their obtaining and possessing property which they have no legal right to possess or retain.

Defendant and counsel's requests to this court that they be permitted to create such a shroud of secrecy regarding the identification of Plaintiff's documents and how confidential records were obtained by Defendant is impermissible under the law. The burden of establishing the existence of the attorney-client privilege rests with the party asserting it. *United States v. Dakota,*

197 F.3d 821 (6th Cir. 1999). The attorney-client privilege is narrowly construed and "applies only where necessary to achieve its purpose." *United States v. Zolin*, 491 U.S. 554, 562 (1989). See also, *United States v. Weger*, 709 F.2d 1151 (7th Cir. 1983); *Baird v. Koerner*, 279 F.2d 623 (9th Cir. 1960). The identity of clients is generally not privileged. *In Re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447 (6th Cir. 1983). Similarly, it is well established that clients cannot refuse to disclose facts which their attorneys conveyed to them and which the attorneys obtained from third parties. *Sedco Int'l, S.A. v. Cory* 683 F.2d 1201 (8th Cir. 1982). Further, the attorney-client privilege is "eviscerated when a client consults an attorney not for advice on past misconduct, but for legal assistance in carrying out a contemplated or ongoing crime or fraud. *In Re Antitrust Grand Jury*, 805 F.2d 155 (6th Cir. 1986), citing *Clark v. United States*, 289 U.S. 1, 15, 53 S.Ct. 465, 469, 77 L.Ed. 993 (1933).

Defendant and her attorneys also may not claim that the documents are subject to the attorney work-product privilege, as only documents prepared "in anticipation of litigation" are protected by the privilege. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006). Accordingly, Defendants may not claim any protections under the attorney-client or work product privileges, though they may certainly assert their 5th Amendment privilege.

14

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court set aside the order assessing case evaluation sanctions and set a mutually agreeable date and time to continue the evidentiary hearing and/or dismiss Defendant's request for case evaluation sanctions in its entirety.

Respectfully Submitted,

James W. Bigelow (P42331)
Attorney for Plaintiff
4337 E. Grand River, #227
Howell, MI   48843
(586) 530-7788