EXHIBIT 12

```
 1                     STATE OF MICHIGAN

 2          IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

 3    UKRAINIAN FUTURE CREDIT UNION,

 4              Plaintiff,

 5         vs.                         Case No. 2015-0524-CZ

 6    ANDRII GARAK, et al,

 7              Defendants.
      _____/
 8
                            PROCEEDINGS
 9
           BEFORE THE HONORABLE DIANE M. DRUZINSKI, CIRCUIT
10                             JUDGE

11         Mount Clemens, Michigan - Monday, 21st of
                         November, 2016
12

13       APPEARANCES:

14    For the Plaintiff:      JAMES W. BIGELOW (P42331)
                              41570 Hayes Road, Ste. E-1
15                            Clinton Township, MI  48038
                              (586) 530-7788
16
      For the Defendant:      WILLIAM R.  SEIKALY (P33165)
17                            30445 Northwestern Hwy., #250
                              Farmington Hills,, MI  48334
18                            (248) 785-0102

19

20

21

22

23       REPORTED BY:         ANGELA M. LITTLE, CSR-6444, RPR
                              Certified Court Reporter
24                            (586) 469-5832

25
```

```
 1              TABLE OF CONTENTS
 2                                              PAGE
 3   WITNESSES:  PLAINTIFF
 4   None.
 5
 6
 7   WITNESSES:  DEFENDANT
 8   None.
 9
10
11
12
13
14   EXHIBITS                               ADMITTED
15   None offered.
16
17
18
19
20
21
22
23
24
25
                                                   2
            ANGELA M. LITTLE, CSR-6444, RPR
            40 N. Main Street, Mt. Clemens, MI  48043
                     (586) 469-5832
```

```
 1                    Mount Clemens, Michigan
 2                    Monday, 21st of
 3                    November, 2016
 4                    At about 8:55 a.m.
 5              _  _  _
 6   (Court, Counsel and parties present.)
 7        THE CLERK:  Ukrainian Future Credit Union
 8   versus Garak.
 9        MR. BIGELOW:  Good morning, your Honor.
10   For the record, James Bigelow appearing on behalf of
11   the plaintiff.
12        THE COURT:  Good morning.
13        MR. SEIKALY:  William Seikaly appearing on
14   behalf of the defendant Lidia Shibanov, your Honor.
15   I have a court reporter slip.
16        THE COURT:  Good morning.  This is your
17   motion on behalf of the defendant for summary
18   disposition.
19        MR. SEIKALY: It is, your Honor.  On the
20   whole, I will rely on my brief.  As the Court's well
21   aware this motion was brought before this Court,
22   entered a lengthy written opinion on the issue of
23   dismissing all claims other than the -- what the
24   Court identified as a questionable claim of
25   fiduciary duty but was going to allow two
                                                   3
            ANGELA M. LITTLE, CSR-6444, RPR
            40 N. Main Street, Mt. Clemens, MI  48043
                     (586) 469-5832
```

```
 1   depositions to be taken.  The plaintiff credit union
 2   decided not to produce their witness and pursuant to
 3   my motion indicated that the discovery would be
 4   deemed closed so that's over.
 5        THE COURT:  Right.
 6        MR. SEIKALY:  As the parties admit, other
 7   than an exhibit attached by the plaintiff, nothing
 8   is new in this case.  I'd like to limit my argument
 9   on the whole, your Honor, to the issues raised in
10   the response we received Friday.
11        THE COURT:  Okay.
12        MR. SEIKALY:  My first point is under
13   Argument, your Honor.  It's says on Page 7,
14   that Mrs. Shibanov's motivation and her conduct in
15   this case is clear because she sold her home to the
16   actual borrower.  Let's see.  That only ignores
17   every document in this case, every single document.
18   There is not a sole document that names Mr. Garak as
19   the -- Mr. Holyk, I'm sorry, as the purchaser, but
20   ignores something else, your Honor.  It ignores this
21   Court's opinion in which the Court indicated that he
22   had other than providing some additional collateral,
23   had nothing to do with the loan.  Heaven forbid we
24   should ignore the facts, but perhaps we should start
25   paying attention to this Court's order, finally,
                                                   4
            ANGELA M. LITTLE, CSR-6444, RPR
            40 N. Main Street, Mt. Clemens, MI  48043
                     (586) 469-5832
```

```
 1   maybe in this case. Then there is Daria Brown's
 2   affidavit, your Honor, at Exhibit 10.  I'm more than
 3   a little offended by this affidavit that very
 4   carefully goes through and says I have evaluated the
 5   testimony in this case.  I have evaluated the
 6   exhibits and I work there and I'll tell you that
 7   Shibanov's wrong and the Credit Union's right.  Now,
 8   let us assume for a moment that that might qualify
 9   as an affidavit.  Sounds to me like it might be an
10   expert affidavit.  Here's a problem.  I took Ms.
11   Brown's deposition.  She wasn't offered as an
12   expert, I didn't ask her expert questions, she's not
13   qualified as an expert, but heaven forbid we should
14   even get into that, not to mention the fact that she
15   ignores the rulings of this Court in rendering her
16   opinion.
17        Finally, your Honor, and I'm sorry for
18   going on like this but we're already in the Court of
19   Appeals, we're going to be back in the Court of
20   Appeals again, and I'm a little tired of this.  I
21   want to make sure that the record is complete.  He
22   relies, Credit Union relies on three cases in its
23   brief. I happen to know from experience that this
24   Court reads all this stuff, but I want to point out
25   that the *Rose* case they rely on is an auctioneer
                                                   5
            ANGELA M. LITTLE, CSR-6444, RPR
            40 N. Main Street, Mt. Clemens, MI  48043
                     (586) 469-5832
```

## Page 6

1  hired to sell some property who fails to conduct a
2  scheme that with the seller of the property and they
3  sue for the money they would have got had the
4  auctioneer conducted this scheme. And, the court
5  set a pot on both your houses. We're not going to
6  enforce this agreement. I cite that case and I
7  think it's important because, amongst other things
8  he realizes on it, while criticizing me for citing
9  *Rapistan v Michaels*, 203 Mich App 301, 1994, he says
10 in reality this isn't an equity case, misses the
11 point, your Honor, anytime, anytime we're talking
12 about a breach of fiduciary duty, it speaks to the
13 Court's equitable power. I've never been involved
14 in a case in which the fingernails, much less than
15 the hands, were more dirty than this. There's been
16 a concerted effort not to provide documents and not
17 provide testimony. That's uncleaned hands.
18        Finally, your Honor, and quickly, he relies
19 on Stevenson Title tells a lot, your Honor.
20 *Stevenson v The Detroit Trust Company* doesn't help
21 this case. That's a trust company. No joke it's a
22 fiduciary relationship. But my favorite is *Burton v
23 Burton*. And I read that case three times and I
24 decided I'm doing something wrong so I used my handy
25 dandy computer that people tell I'm no good at using

## Page 7

1  and did a word search for the word "fiduciary."
2  Guess what, it's not there. Had to do with
3  collecting rents, whether an agent who collects rent
4  has an obligation to give the rent to the owner.
5  Term fiduciary relationship's not even in there.
6  Your Honor, this case has gone on too long. There's
7  nothing new in it. My client didn't deserve to
8  spend the outrageous amount of fees that she had to
9  spend in dealing with this case. I'll rely on my
10 motion for the remainder of my argument other than
11 this. After walking through every theory presented
12 in this case and presenting the documents that were
13 of record in this case and some that had not been
14 produced, after walking through the entire complaint
15 with Mr. Yakymowych, I asked him what I thought was
16 a fairly relevant question, why is my client in this
17 case. Because you've admitted the fact that there
18 is the evidence that existed do not fit with the
19 complaint. A verified complaint that he signed and
20 he said at this point I don't know. You mean
21 Mr. Holyk was taking advantage of everything, that's
22 when the case should have been dismissed, your
23 Honor.
24        THE COURT: Mr. Yakymowych is the CEO?
25        MR. SEIKALY: Thank you, your Honor.

## Page 8

1  Mr. Yakymowych is the CEO and the treasurer of the
2  Ukrainian Credit Union. The only other thing I
3  would address, your Honor, I've asked for a
4  determination that this was a frivolous claim.
5  Different courts handle this in different ways. Some
6  courts have read the statute to say that you have to
7  bring that motion after the summary disposition
8  motion. Some hear it as part of the summary
9  disposition motion. What is your pleasure, your
10 Honor, other than not have us in front of you?
11        THE COURT: After.
12        MR. SEIKALY: Thank you, your Honor.
13        THE COURT: Any response, counsel?
14        MR. BIGELOW: Yes, your Honor. I'll be
15 brief. Beyond all the hyperbole and exaggeration,
16 the straw purchasers in this case indicated that
17 they didn't signed anything until they showed up to
18 sign the documents. The asset and income
19 information was never supplied by them. It turns
20 out to be completely false. Mrs. Shibanov they
21 alleged inputted this information that she probably
22 obtained from Mr. Holyk or someone else, we don't
23 know. That's a factual issue for the jury to
24 determine. She certainly had motive. She sold her
25 home to Mr. Holyk. We believe it's part of this

## Page 9

1  transaction even though it's only shortly thereafter
2  that she consummated that deal. There's no evidence
3  their house was ever on the market before she moved.
4  As far as all these documents that Mr. Seikaly
5  didn't get, he's illegally obtained, as the Court's
6  aware, a number of other documents, including a
7  roster containing Social Security numbers of all of
8  the employees and board members of the credit union
9  and he published them with the Court where anybody
10 can find them.
11        Your Honor, there's factual issues here to
12 be determined how did that -- there certainly is a
13 fiduciary duty. If a loan officer does not have a
14 fiduciary duty to obtain accurate income and asset
15 information regarding a loan of this size, I don't
16 know who does have a fiduciary duty.
17        THE COURT: Any brief response,
18 Mr. Seikaly?
19        MR. SEIKALY: Very, your Honor. One, there
20 is this affidavit or this testimony out there from
21 the Garak. The problem is that the tax returns, the
22 1040s that were in the file --
23        THE COURT: Right.
24        MR. SEIKALY: -- indicate that the tax,
25 that the information there is accurate. So,

---

**Page 10**

1 secondly, your Honor, there's an affidavit in the
2 file. We didn't include it in this, but it was a --
3 it was a member of the Ukrainian community that
4 connected my client with Mr. Holyk with nothing to
5 do with this law and there's an affidavit of that in
6 this file. But, your Honor, think about this.
7 Fiduciary duty for somebody who is no more than a
8 scrod. Now, Daria Brown has admitted that. She has
9 said, We just take the information down. We can't
10 sign checks. We can't bind the credit June. We
11 can't approve the loan, on and on and on and on and
12 on. And, your Honor, there is not a scintilla,
13 there's not a scintilla of evidence that she did
14 anything wrong. And how do we know that, because
15 the law, number one, requires, as I've cited in my
16 brief, the law requires that no one person can
17 approve this loan. But, we know in this case that
18 it went to state regulators, federal regulators to
19 the underwriter CVS, CenCorp, I'm not sure what
20 they're called, and then to the loan committee with
21 the same documents. Not just the numbers that
22 Mr. Garak said they filled out, but with the 1040
23 tax returns.
24      THE COURT: I've reviewed the motion for
25 summary disposition as well as the response and

---

**Page 11**

1 taken into consideration the oral argument, and I am
2 granting defendant's motion for summary disposition
3 ==under (C)(10). There is no genuine issue of==
4 ==material fact about the fiduciary relationship==
5 ==existing between Defendant and Plaintiff Credit==
6 ==Union. The documents that were submitted in these==
7 briefs clearly establish that the loan was
8 ultimately approved by the committee which reviewed
9 documentation required for the loan approval and
10 herein. Underwriter testified that the tax return
11 of the Garaks were in there and that furthermore
12 there's evidence that Defendant Shibanov had no
13 authority to approve a loan, process a loan, make a
14 ==check, et cetera. I don't find that there's any==
15 ==evidence in support of a fiduciary duty.==
16 Nonetheless, in terms of the breach, there's also
17 evidence that Mr. Yakymowych said that the reason
18 that they lost money on the loan is because
19 Mr. Holyk I believe committed waste on the property.
20 So in terms of breach and proximate cause, there's
21 also no evidence for that. Plaintiff's assertion
22 about the motivation regarding the house, selling,
23 all in apparently a short timeframe is nothing more
24 than speculation at this point.
25      So the Court is going to respectfully grant

---

**Page 12**

1 the Defendant's motion for summary disposition under
2 (C)(10).
3      MR. BIGELOW: Thank you, your Honor. I
4 will type an order.
5      MR. SEIKALY: Thank you, your Honor.
6      THE COURT: You're welcome.
7 (At 9:08 a.m., proceedings concluded)
8     \*    \*    \*

```
1       STATE OF MICHIGAN    )
2                            )   SS
3       COUNTY OF MACOMB     )
4
5
6              CERTIFICATE OF COURT REPORTER
7
8              I, Angela M. Little, Certified Court
9       Reporter, of the Sixteenth Judicial Circuit, in the
10      State of Michigan, do hereby certify that the
11      foregoing pages, 1 through 13, inclusive, comprise a
12      full, true, and correct transcript of the
13      proceedings had in the matter of UKRAINIAN FUTURE
14      CREDIT UNION, Plaintiff, versus ANDRII GARAK, et al,
15      Defendants, Case No. 2015-0524-CZ, on Monday,
16      21st of November, 2016.
17
18
                             /s/ Angela M. Little
19                           ANGELA M. LITTLE - CSR-6444, RPR
20
        DATED: 5/5/17
21
22
23
24
25
```