# EXHIBIT 2

STATE OF MICHIGAN

MACOMB COUNTY CIRCUIT COURT

UKRAINIAN FUTURE CREDIT UNION,

Plaintiff,

vs.

Case No.    2015-0524-CZ

ANDRII B. GARAK, SVITLANA GARAK,
IHOR HOLYK, and LIDIA SHIBANOV,

Defendants.

_____/

<u>OPINION AND ORDER</u>

This matter is before the Court on several motions: (1) plaintiff's motion to compel deposition of defendant Ihor Holyk; (2) defendant Ihor Holyk's motion for additional time to depose Andrew Jakymowych; (3) plaintiff's motion for protective order; (4) defendant Ihor Holyk's motion for summary disposition; (5) defendant Lidia Shibanov's motion for summary disposition; and (6) plaintiff's motion for summary disposition.

**I. Background**

Plaintiff Ukrainian Future Credit Union (plaintiff) alleges that on June 22, 2012, defendants Andrii and Svitlana Garak (the Garaks) executed a business-loan agreement for the purchase of commercial property, which was facilitated by plaintiff's employee and loan officer, defendant Lidia Shibanov. Plaintiff alleges, however, that defendant Lidia Shibanov was aware that the property was actually being purchased for defendants Ihor and Oksana Holyk, who were not creditworthy for this loan. Further, plaintiff alleges that, due to defendant Lidia Shibanov's

actions, plaintiff was left under secured on this loan. Among several other allegations, plaintiff also alleges that defendants Lidia and Vasily Shibanov entered into a land-contract agreement to sell their residence, which is mortgaged with plaintiff, to defendants Ihor and Oksana Holyk. Plaintiff thus filed the instant nine-count complaint, alleging breach of contract, account stated, fraudulent misrepresentation, innocent misrepresentation, exemplary damages, breach of fiduciary duty, waste, concert of action, and civil conspiracy. Plaintiff and defendant Vasily Shibanov and plaintiff and defendant Oksana Holyk have accepted case-evaluation awards, and a judgment disposing of all claims between those parties is pending. This *Opinion and Order* will address the pending issues between plaintiff and defendants Ihor Holyk and Lidia Shibanov.

## II. Standards of Review

### A. Summary Disposition

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. *Diallo v LaRochelle*, 310 Mich App 411, 414; 871 NW2d 724 (2015). All factual allegations and any reasonable inferences or conclusions that can be drawn from the facts are accepted as true. *Carter v Ann Arbor City Attorney*, 271 Mich App 425, 427; 722 NW2d 243 (2006). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Cork v Applebee's Inc*, 239 Mich App 311, 315-316; 608 NW2d 62 (2000). "Only the pleadings may be considered when the motion is based on [MCR 2.116(C)(8)]." MCR 2.116(G)(5).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Liparoto Constr Co v Gen Shale Brick, Inc,* 284 Mich App 25, 29; 772 NW2d 801 (2009). Initially, the moving party has the burden of supporting a motion for summary disposition with documentary evidence; once met, the burden shifts to the nonmoving party to

2

establish a genuine issue of material fact. *Pena v Ingham Co Rd Comm,* 255 Mich App 299, 310; 660 NW2d 351 (2003). A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman v American Honda Motor Co, Inc,* 302 Mich App 113, 116; 839 NW2d 223 (2013).

"A motion under MCR 2.116(C)(10) is generally premature if discovery has not been completed unless there is no fair likelihood that further discovery will yield support for the nonmoving party's position." *Liparoto Const, Inc,* 284 Mich App at 33-34. "[A] party opposing a motion for summary disposition because discovery is not complete must provide some independent evidence that a factual dispute exists." *Mich Nat'l Bank v Metro Institutional Food Serv, Inc,* 198 Mich App 236, 241; 497 NW2d 225 (1993) (citation omitted). Mere speculation that additional discovery might produce evidentiary support is not sufficient. *Ensink v Mecosta Co Gen Hosp,* 262 Mich App 518, 540-541; 687 NW2d 143 (2004).

### B. Discovery

"Trial courts have considerable discretion in granting or denying a motion to compel discovery." *Eyde v Eyde,* 172 Mich App 49, 54; 431 NW2d 459 (1988). Similarly, it is within the trial court's discretion to grant or deny a motion for a protective order. See *Alberto v Toyota Motor Corp,* 289 Mich App 328, 340; 796 NW2d 490 (2010).

### III. Arguments

### A. Summary Disposition

Defendant Ihor Holyk (defendant Holyk) argues that defendant Andrii Garak (Andrii) started Northstar One, LLC (Northstar One) in 2011 and defendant Holyk was his business partner. Needing property in which to conduct their business, defendant Holyk contends that the Garaks obtained a business loan from plaintiff, making this purpose clear to plaintiff. Defendant

3

Holyk avers that they went through plaintiff's normal loan process without incident until the business floundered and loan payments stopped. Defendant Holyk argues that the Garaks signed the loan documents and are the only parties liable for the loan, and there is no privity of contract between defendant Holyk and plaintiff. Further, defendant Holyk contends that he made no false representations to plaintiff, and if plaintiff was negligent in processing the Garaks' loan he cannot be held responsible.[1] Finally, defendant Holyk avers that he was not a tenant and thus cannot be liable for waste on the property.

Defendant Lidia Shibanov (defendant Shibanov) argues that she was plaintiff's loan officer in 2012 when the Garaks applied for and received the business loan at issue. Defendant Shibanov contends that, through no fault of her own, the loan went bad and the property was abused, leaving plaintiff insufficiently secured. She further avers that she did not have the authority to approve or deny the loan, nor did she have any other power that would create a fiduciary duty. Defendant Shibanov argues that her only role in the Garaks' loan was to gather information supplied by the Garaks and provide that information to plaintiff's underwriters. Finally, defendant Shibanov contends that she did not act in concert with any defendants, and only incidentally sold her Michigan home to defendant Holyk, another member of the close-knit Ukrainian community, after deciding to move closer to her daughter in Oregon.

Plaintiff argues that the Garaks have stated that the asset information on their loan documents is incorrect and that they did not provide this false information. Further, plaintiff contends that defendant Holyk is the actual owner of Northstar One, and defendant Holyk used Andrii's name in documentation because defendant Holyk was in the country illegally. Plaintiff

---

[1] Defendant Holyk also argues that plaintiff's fraud claims are not argued with sufficient particularity. The Court relies on the analysis in its April 14, 2016 *Opinion and Order* denying defendant Shibanov's motion for summary disposition pursuant to MCR 2.116(C)(8).

avers that defendant Shibanov was its assistant manager, a fiduciary, and she failed to perform her duties such that the Garaks' loan was approved based on false, unverified information. Plaintiff argues that defendant Holyk, in running his business, committed waste on the secured property, and defendant Holyk is the only party that ever made any payments on the loan. Thus, plaintiff contends that the Garaks were defendant Holyk's agents, and he ratified their loan agreement with plaintiff by making payments and promises to pay.

## B. Discovery

### 1. Motion to Compel Deposition

In support of its motion to compel defendant Holyk's deposition, plaintiff argues that defendant Holyk is refusing to be deposed despite being given the opportunity to depose other parties and witnesses in this case. Plaintiff contends that manifest injustice will result if it is not permitted to depose defendant Holyk.

In response, defendant Holyk argues that plaintiff never noticed him for deposition, discovery is closed, and the depositions that have been conducted were all properly noticed during discovery. Defendant Holyk contends that MCR 2.313 is inapplicable here because plaintiff never noticed defendant Holyk's deposition and plaintiff gave no reason for its delay.

### 2. Motion for Protective Order

In support of its motion for protective order, plaintiff argues that the Court previously entered an order limiting the duration of Andrew Jakymowych's deposition due to his medical condition after suffering a stroke in 2014. Plaintiff contends that defendant Shibanov's counsel used the entirety of the two deposition sessions and that counsel was loud, belligerent, and confrontational during and after the final deposition. Plaintiff avers that there have been several

5

last-minute scheduling issues with defendant Shibanov's deposition as well as with motions before this Court.

In response, defendant Shibanov admits that the relationship between her counsel and plaintiff's counsel has deteriorated, but denies any harassing or obnoxious behavior directed toward parties or witnesses. Defendant Shibanov argues that plaintiff never provided medical documentation for Andrew Jakymowych's alleged condition and that he appeared perfectly capable of thinking clearly and answering questions throughout the deposition. Finally, defendant Shibanov avers that he informed defendant Holyk's counsel that he would use the entire second deposition session, so, to prevent further expenses to his client, defendant Holyk's counsel did not attend.

### 3. Motion for Additional Time

In support of his motion for additional time, defendant Holyk argues that more time is needed to complete Andrew Jakymowych's deposition, and he has not had the opportunity to question this witness yet.

In response, plaintiff argues that defendant Holyk did not appear at the second deposition session and plaintiff has not yet itself had the opportunity to depose Andrew Jakymowych.

### IV. Law and Analysis

#### A. Translated Deposition Testimony

As an initial matter, the Court will address whether Andrii's deposition testimony is admissible based on the qualifications of the foreign-language interpreter. Here, plaintiff cites MCR 1.111, which governs the appointment of foreign-language interpreters during a case or court proceeding. Under this court rule, "'Case or Court Proceeding' means any hearing, trial, or other appearance before any court in this state in an action, appeal, or other proceeding,

6

including any matter conducted by a judge, magistrate, referee, or other hearing officer." MCR 1.111(A)(1). Because the interpreter was not appointed by the Court to interpret at a case or court proceeding, as defined by the rule, MCR 1.111 does not apply. Even so, the attorneys attempted to voir dire the interpreter to demonstrate her competence and demonstrate that she is "qualified" in accordance with MCR 1.111(A)(6).[2] Accordingly, the Court finds that Andrii's deposition testimony is admissible for purposes of this *Opinion and Order*.

### B. Summary Disposition

#### 1. Breach of Contract

Because defendant Holyk is not a party to the loan agreements at issue, plaintiff relies on the doctrine of ratification to support its breach of contract claim. "An agency relationship may arise when there is a manifestation by the principal that the agent may act on his account. The test of whether an agency has been created is whether the principal has a right to control the actions of the agent." *Meretta v Peach*, 195 Mich App 695, 697; 491 NW2d 278 (1992) (citation omitted). "Under fundamental agency law, a principal is bound by an agent's actions within the agent's actual or apparent authority." *James v Alberts*, 464 Mich 12, 15; 626 NW2d 158 (2001). "Actual authority of an agent may be implied from the circumstances surrounding the transaction at issue. These circumstances must show that the principal actually intended the agent to possess the authority to enter into the transaction on behalf of the principal." *Hertz Corp v Volvo Truck Corp*, 210 Mich App 243, 246; 533 NW2d 15 (1995). "Where there is a disputed question of

---

[2] Here, the interpreter stated that she works for Bromberg & Associates, an interpreter firm certified by the State Court Administrative Office (SCAO). Plaintiff's Response to Defendant Holyk's Brief, Exhibit 28 (Andrii's Deposition). The interpreter stated that she is not personally certified by SCAO, but she has "experience that contributes to that." *Id.* at 6. She further stated that she has passed a foreign language interpreter test and that she had been sworn and interpreted on at least 20 occasions over the past year. *Id.* at 8–9.

7

agency, any testimony, either direct or inferential, tending to establish agency creates a question of fact for the jury to determine." *Meretta*, 195 Mich App at 697.

"When an agent purporting to act for his principal exceeds his actual or apparent authority, the act of the agent still may bind the principal if he ratifies it." *David v Serges*, 373 Mich 442, 443-444; 129 NW2d 882 (1964). The Michigan Supreme Court defined "ratification" as "the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him." *Id.* at 444 (quotation marks and citation omitted).

In the case at hand, plaintiff alleges that defendant Holyk ratified the agreements between plaintiff and the Garaks by agreeing to pay the debt and making payments under the contract terms. Plaintiff's Second Amended Complaint at ¶ 25. By defaulting in payments, plaintiff asserts that defendant Holyk breached this contract. *Id.* at ¶ 26. Here, the Garaks each signed affidavits attesting that defendant Holyk assured them that "he would pay all amounts as they came due." Plaintiff's Brief, Exhibits 10 and 11. Plaintiff also asserts that defendant Holyk made all of the payments on the loan. Plaintiff's Brief at 13, Exhibit 18. But defendant Holyk asserts that their business, Northstar One, actually made the payments on the loan. Defendant Holyk's Response, Exhibit C. Further, defendant Holyk, as the Garaks' business partner, granted a mortgage on other commercial property to further secure the business loan. Plaintiff's Brief, Exhibit 14.

Andrii testified that he started the company Northstar One. Plaintiff's Response to Defendant Holyk's Brief, Exhibit 28 (Andrii's Deposition). But he also testified that "[i]t was not my personal business, because I did not own any business at that time." *Id.* at 21. Rather, he testified that he worked there as an employee "[b]ecause the person that wanted to organize this

business did not have proper documents and I wanted to help him and I trusted him." *Id.* But this testimony was equivocal, as he testified in response to other questions that he was in business with defendant Holyk and that they were business partners. See *id.* Svitlana Garak similarly testified that she understood that they obtained the loan to purchase property for Northstar One, the business Andrii started with defendant Holyk. Defendant Shibanov's Brief, Exhibit 17 (Svitlana Garak's Deposition). When questioned about whether defendant Holyk was Andrii's employer or business partner, she testified:

> A. So in reality he was his employer, but if we look at the documents he was just a partner.
> Q. Right. Northstar 1, LLC was the employer, correct?
> A. Yes.

*Id.* at 15.

Plaintiff asserts that the Garaks have since transferred the property to defendant Holyk, and although Andrii was initially the registered agent, defendant Holyk subsequently became the registered agent for Northstar One. See, e.g., Defendant Holyk's Brief, Exhibit A; Plaintiff's Brief, Exhibits 12 and 13. But the general warranty deed, which plaintiff alleges conveys the property from the Garaks to defendant Holyk, actually conveys the property to Northstar One. Plaintiff's Brief, Exhibit 12. Further, it is not dated or notarized, and there is no indication that it has been recorded. *Id.* In his affidavit, defendant Holyk attests that Andrii remained the owner of Northstar One until 2015, when he left the business; defendant Holyk became the business's registered agent in 2014. Defendant Shibanov's Brief, Exhibit 15.

Viewing the evidence in the light most favorable to plaintiff, the most that can be said is that Andrii and defendant Holyk were business partners acting for the benefit of their shared business venture. There is no evidence in the record that defendant Holyk granted the Garaks the

authority to enter into agreements for which he would be personally liable.  To the contrary, the Garaks agreed that they were personally liable for the business loan, and they understood this at the time they signed the loan documents. Further, there is no evidence from which a reasonable factfinder could conclude that defendant Holyk had control over the Garaks.  Because plaintiff has failed to demonstrate that the Garaks were defendant Holyk's agents, any claim that defendant Holyk ratified the Garaks' loan agreement must fail.

Considering the nature of the pending discovery requests, as more fully discussed below, there is no fair likelihood that further discovery on this matter will yield support for plaintiff's position.  Accordingly, summary disposition in favor of defendant Holyk is proper.

### 2. Account Stated

"'An account stated is an agreement, between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance.'" *Leonard Refineries v Gregory*, 295 Mich 432, 437; 295 NW 215 (1940) (quoting *Thomasma v Carpenter*, 175 Mich 428, 434; 141 NW2d 559 (1913)).  "An account stated is a contract based on assent to an agreed balance, and it is an evidentiary admission by the parties of the facts asserted in the computation and of the promise by the debtor to pay the amount due." *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 557; 837 NW2d 244 (2013) (quotation marks omitted).  Assent may be inferred from a party making payments on the amount due or receiving an accounting but failing to object within a reasonable time. *Dunn v Bennett*, 303 Mich App 767, 771; 846 NW2d 75 (2013).

In the present case, plaintiff submitted evidence that plaintiff and the Garaks entered into an express contract for a business loan.  Plaintiff's Brief, Exhibits 4-9.  Plaintiff's assistant

10

manager, Daria Brown, attested in her affidavit that she became primarily responsible for monitoring the loan at the end of 2012. Plaintiff's Brief, Exhibit 18.  During this time, she attested that defendant Holyk "came in on numerous occasions to meet, discuss and make payments on the account." *Id.* Further, defendant Holyk "made repeated promises to pay on the account and bring it current." *Id.*

Similarly, plaintiff asserts that its agents visited the property on September 17, 2013 and spoke with defendant Holyk about the property and the loan. Plaintiff's Brief at 4-5. Here, plaintiff cites an internal email, which notes that defendant Holyk "will pay all past due payments by Sept 24 (Dutch would give him the rest of the week) . . . [and] will pay 2012 property taxes, 9k, by Sept 24." Plaintiff's Brief, Exhibit 17. This email is the most specific evidence plaintiff provides regarding any statement of a sum due.

Finally, plaintiff asserts that defendant Holyk indicated in his proposed Memorandum of Understanding that he and his company were responsible for the property. Plaintiff's Brief at 5. But the document itself references only an understanding between plaintiff and Northstar One; it does not identify defendant Holyk. Plaintiff's Brief, Exhibit 19.

Viewing the evidence in the light most favorable to plaintiff, the most that can be said is that defendant Holyk agreed to make a payment that would bring the loan current by September 24, 2013. There is no evidence that plaintiff stated an actual sum that represented an agreed balance between plaintiff and defendant Holyk. Further, there is no evidence that defendant Holyk, as opposed to Northstar One, made payments on the amount due. The remaining discovery on this matter, discussed below, is not reasonably likely to provide evidentiary support for plaintiff's position. Thus, the Court finds that plaintiff has not demonstrated a genuine issue

of material fact regarding the existence of an account stated with defendant Holyk, and summary

disposition is properly granted on this claim.

### 3. Fraudulent Misrepresentation and Innocent Misrepresentation

To prove a claim of common-law fraud, or fraudulent misrepresentation, a plaintiff must

show

> (1) [t]hat defendant made a material representation; (2) that it was false; (3) that
> when he made it he knew it was false, or made it recklessly, without any
> knowledge of its truth and as a positive assertion; (4) that he made it with the
> intention that it should be acted upon by plaintiff; (5) that plaintiff acted in
> reliance upon it; and (6) that he thereby suffered injury. Each of these facts must
> be proved with a reasonable degree of certainty, and all of them must be found to
> exist; the absence of any one of them is fatal to a recovery.

*Candler v Heigho*, 208 Mich 115, 121; 175 NW 141 (1919), overruled in part on other grounds

by *United States Fidelity & Guaranty Co v Black*, 412 Mich 99, 116 n 8 (1981) (quotation marks

and citation omitted).  Further, a plaintiff's reliance must be reasonable to support a fraud claim.

*Novak v Nationwide Mutual Ins Co*, 235 Mich App 675, 690-691; 599 NW2d 546 (1999).

"There can be no fraud where a person has the means to determine that a representation is not

true." *Nieves v Bell Indus, Inc*, 204 Mich App 459, 464; 517 NW2d 235 (1994).

To prove a claim of innocent misrepresentation, a plaintiff must show "that (1) the

defendant made a material representation, (2) the representation was false, (3) the defendant

made it with the intention of inducing reliance by the plaintiff, (4) the plaintiff acted in reliance

on the representation, and (5) the plaintiff thereby suffered an injury that benefited the

defendant." *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 39; 761 NW2d 151

(2008).  Again, plaintiff's reliance on the misrepresentations must be reasonable. *Id.*  Innocent

misrepresentation is distinguished from fraudulent misrepresentation in that there is no

requirement

to prove a *fraudulent purpose* or an intent on the part of the defendant that the misrepresentation be acted upon by the plaintiff, and has, as added elements, the necessity that it be shown that an unintendedly false representation was made in connection with the making of a contract and that the injury suffered as a consequence of the misrepresentation inure to the benefit of the party making the misrepresentation.

*M&D, Inc v WB McConkey*, 231 Mich App 22, 27–28; 585 NW2d 33 (1998). Thus, "in order to prevail on an innocent misrepresentation claim, a plaintiff must also show that the plaintiff and defendant were in privity of contract." *Id.* at 28.

Defendant Holyk relies on *Fejedelem v Kasco*, 269 Mich App 499; 711 NW2d 436 (2006), for the proposition that a plaintiff cannot recover for fraudulent misrepresentation if plaintiff was negligent in relying on a defendant's misrepresentation. *Id.* at 503. But, as quoted by defendant Holyk, this rule applies to claims of *negligent* misrepresentation, which is not claimed here. See Defendant Holyk's Brief at 5 ("... [sic] the recipient of a negligent representation [sic] is barred from recovery for pecuniary loss suffered in reliance upon it if he is negligent in so relying.") (quoting *Fejedelem*, 269 Mich App at 503).

Plaintiff asserts that defendants Holyk and Shibanov are responsible for the Garaks' statements and representations, as executed in the loan agreements, promissory notes, security agreements, mortgages, and affidavits, which asserted that the Garaks, not defendant Holyk, were the true borrowers. Plaintiff's Brief at 10. Defendant Holyk asserts that he made no misrepresentations; the Garaks obtained the loan for the business, which is a normal business transaction for a start-up company. Defendant Holyk's Brief at 4. In their affidavits, the Garaks attest that, at the time they applied for the loan, they understood that they would be liable for its repayment, but defendant Holyk assured them that he would pay all amounts as they came due. Plaintiff's Brief, Exhibits 10 and 11. Andrii's deposition testimony, however, indicates that the loan was for the business. See, e.g., Defendant Holyk's Brief, Exhibit B (Andrii's Deposition).

13

Svitlana Garak similarly testified that she understood that they obtained the loan to purchase property for Northstar One, the business Andrii started with defendant Holyk. Defendant Shibanov's Brief, Exhibit 17. Even Marion Ducher, an underwriter for plaintiff, testified that he was made aware, through conversations with defendant Shibanov, that the Garaks were business partners with defendant Holyk, who pledged collateral on the loan as a grantor, and that the Garaks intended to lease the property to their business. Defendant Shibanov's Brief, Exhibit 7 (Marion Ducher's Deposition).

In their affidavits, the Garaks attest that they did not prepare the loan documents and that the documents contain inaccurate asset information. Plaintiff's Brief, Exhibits 10 and 11. Andrii also testified at his deposition that there was inaccurate asset information in the documents, but he could not recall giving defendant Shibanov any specific income or asset information, and he could not remember the documents he signed in relation to the loan. Defendant Holyk's Brief, Exhibit B. Yet Thomas Clarke, another underwriter for plaintiff, testified that he received the Garaks' personal income tax returns as part of the loan documentation. Defendant Shibanov's Brief, Exhibit 5 (Thomas Clarke's Deposition).

Defendant Holyk was present when the Garaks applied for the loan, the nature of their business relationship was made apparent to plaintiff, and defendant Holyk granted plaintiff a security interest in real property for this loan. See Plaintiff's Brief, Exhibit 14. Plaintiff asserts that defendant Holyk did not own the real estate he pledged as security for the Garaks' loan. Plaintiff's Brief at 9. But plaintiff does not provide any evidence supporting this assertion; a commitment for title insurance and its underlying requirements is not demonstrative proof that defendant Holyk did not have ownership of the subject property or that he made any false material representation about ownership. See Plaintiff's Brief, Exhibit 15. In fact, the

commitment for title insurance makes it apparent that the potential title problems were recorded as a matter of public record. *Id.* Further, plaintiff conducted its own research before approving the Garaks' loan application and granting the subject loan. See Plaintiff's Brief, Exhibit 14.

As discussed above, plaintiff has not demonstrated that plaintiff and defendant Holyk are in privity of contract. Plaintiff provides its employee fraud policy and code of conduct, signed by defendant Shibanov in 2010 and 2007 respectively, as evidence of a contractual relationship between plaintiff and defendant Shibanov. Plaintiff's Brief, Exhibits 2 and 3. But the alleged misrepresentations occurred when the Garaks entered into a loan agreement with plaintiff in 2012.

Considering the evidence in the light most favorable to plaintiff, the most that can be said is that defendant Holyk asked the Garaks to obtain a business loan so that they could purchase commercial property from which to operate their business. There is no evidence that defendant Holyk made any false representations to plaintiff regarding this arrangement, and there is similarly no evidence that defendant Shibanov made any false representations to plaintiff in facilitating this loan. Further, there is no evidence about defendant Holyk's proprietary representations regarding the real property he pledged to secure the business loan; plaintiff's unsupported allegations are not sufficient. In any event, plaintiff cannot support an assertion that it relied on such representation because plaintiff conducted its own independent investigation on the real property before granting the subject loan. And because many of the alleged title defects were recorded as a matter of public record, any reliance on a misrepresentation of unencumbered title would be unreasonable.

Although defendant Shibanov has yet to be deposed, it is unlikely that her testimony will reveal any information sufficient to support plaintiff's misrepresentation claims. In granting the

15

business loan, plaintiff relied on the representations in the loan documents and the corresponding

research and interpretation conducted by its underwriters. Here, plaintiff has provided somewhat

equivocal evidence that the Garaks do not recall providing certain asset information contained in

the loan documents. But plaintiff has not provided any independent evidence that a factual

dispute exists in these documents, which misrepresents the identity of the borrowers or who is

liable to repay the loan. Accordingly, the Court finds that summary disposition of this claim is

properly granted in favor of defendants Holyk and Shibanov.

### 4. Breach of Fiduciary Duty

"[A] fiduciary relationship arises from the reposing of faith, confidence, and trust and the

reliance of one on the judgment and advice of another." *Teadt v Lutheran Church Missouri*

*Synod*, 237 Mich App 567, 580-581; 603 NW2d 816 (1999). "However, the placement of trust,

confidence, and reliance must be reasonable . . . ." *Prentis Family Found v Barbara Ann*

*Karmanos Cancer Inst*, 266 Mich App 39, 44; 698 NW2d 900 (2005). The Michigan Supreme

Court has defined "fiduciary relationship" as

> a relationship in which one person is under a duty to act for the benefit of the
> other on matters within the scope of the relationship. Fiduciary relationships—
> such as trustee-beneficiary, guardian-ward, agent-principal, and attorney-client—
> require the highest duty of care. Fiduciary relationships [usually] arise in one of
> four situations: (1) when one person places trust in the faithful integrity of
> another, who as a result gains superiority or influence over the first, (2) when one
> person assumes control and responsibility over another, (3) when one person has a
> duty to act for or give advice to another on matters falling within the scope of the
> relationship, or (4) when there is a specific relationship that has traditionally been
> recognized as involving fiduciary duties, as with a lawyer and a client or a
> stockbroker and a customer.

*In re Karmey Estate*, 468 Mich 68, 74 n 2; 658 NW2d 796 (2003), quoting *Black's Law*

*Dictionary* (7th ed) (alteration in original). Although there are several well-accepted fiduciary

relationships, whether a fiduciary relationship exists apart from these examples is a question of

fact. *Fassihi v Sommers, Schwartz, Silver, Schwartz & Tyler, PC*, 107 Mich App 509, 515; 309 NW2d 645 (1981).

In the instant case, defendant Shibanov was employed by plaintiff as a loan officer. Although plaintiff provides several employment documents, there is no official description of her employment duties in this regard. See generally Plaintiff's Brief, Exhibits 1 and 2. Defendant Shibanov asserts that her job duties were ministerial, in that she gathered and passed along information during the loan process. Defendant Shibanov's Brief at 17. In her affidavit, she attests that she was responsible for gathering and preparing loan applications, as required by plaintiff's underwriters, but that she did not have the authority to approve or deny loan applications. Defendant Shibanov's Brief, Exhibit 1.

Daria Brown, another loan and mortgage officer employed by plaintiff, testified that defendant Shibanov was the assistant manager and loan manager in 2012. Defendant Shibanov's Brief, Exhibit 3. Defendant Shibanov produced plaintiff's employee directory, allegedly from 2012, which identifies defendant Shibanov and Daria Brown as loan officers. Defendant Shibanov's Brief, Exhibit 2. There is no assistant manager listed. *Id.* Brown further testified that she is currently plaintiff's assistant manager, and described her job duties to include overseeing the tellers and answering questions from the public. Defendant Shibanov's Brief, Exhibit 3. But she testified that she does not have the authority to hire or fire employees and she does not sign contracts on plaintiff's behalf. *Id.*

Brown testified that, in the processing of a commercial loan like the one at issue, the loan officers fill out the loan applications for plaintiff's members, then those documents are sent to plaintiff's underwriters, and finally to the loan committee. *Id.* Further, she testified that plaintiff uses a title company to further review these documents. *Id.* Ultimately, the loan committee

gives its recommendation on whether to approve or deny the loan. *Id.* Brown testified that she is currently on the loan committee, but defendant Shibanov was not on the loan committee. *Id.*

Andrew Jakymowych, plaintiff's CEO, testified that defendant Shibanov was assistant manager, but she did not have authority to sign checks on plaintiff's behalf, enter into contracts on plaintiff's behalf, hire or fire plaintiff's employees, or approve or deny loans on plaintiff's behalf. Defendant Shibanov's Response, Exhibit 1. He further testified that, as assistant manager, defendant Shibanov had the same authority to make recommendations as plaintiff's tellers. *Id.*

Viewing the evidence in the light most favorable to plaintiff, a reasonable factfinder could not conclude that defendant Shibanov owed plaintiff a fiduciary duty. The relationship between plaintiff and defendant Shibanov is not analogous to the traditional fiduciary relationships (e.g., trustee-beneficiary, guardian-ward, or doctor-patient). Plaintiff has not presented any evidence that it relied on defendant Shibanov for her judgment or advice or that defendant Shibanov had any superiority or influence over plaintiff.

But here, summary disposition would be premature in light of the discovery yet to be conducted. The Court cannot conclude that there is no fair likelihood that defendant Shibanov's deposition testimony and the conclusion of Andrew Jakymowych's deposition testimony will yield support for plaintiff's position. These individuals are in unique positions to identify defendant Shibanov's specific duties to plaintiff at the time the Garaks' loan was processed. Thus, the Court finds that summary disposition is not appropriate on this claim.

### 5. Exemplary Damages

"[T]he purpose of exemplary damages in Michigan has not been to punish the defendant, but to render the plaintiff whole. When compensatory damages can make the injured party

whole, this court has denied exemplary damages." *Hayes-Albion v Kuberski*, 421 Mich 170, 187; 364 NW2d 609 (1984).   To award exemplary damages, courts must find that the defendant's act or conduct is voluntary, and "it must inspire feelings of humiliation, outrage, and indignity." *Veselenak v Smith*, 414 Mich 567, 575; 327 NW2d 261 (1982) (citation omitted). "[I]n breach of contract cases, the general rule is that exemplary damages are not recoverable absent allegation and proof of tortious conduct that is independent of the breach." *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 402; 729 NW2d 277 (2006) (quotation marks and citation omitted).   Exemplary damages have generally been awarded "in the context of the intentional torts, slander, libel, deceit, seduction, and other intentional (but malicious) acts." *Id.*

In the case at hand, the Court has determined that summary disposition should be granted in favor of defendant Holyk and defendant Shibanov on plaintiff's claims of fraudulent misrepresentation.   Accordingly, there is no underlying tort to support plaintiff's claim for exemplary damages against defendant Holyk.   But the Court also determined that summary disposition would be premature as to plaintiff's breach of fiduciary duty claim against defendant Shibanov.   Plaintiff, however, has not provided any evidence of an injury it has suffered that would be incapable of precise measurement, which could not be adequately redressed through compensatory damages.   Thus, summary disposition of this claim is appropriate in favor of defendant Holyk and defendant Shibanov.

### 6. Waste

Plaintiff cites MCL 600.2919(2), which states in pertinent part: "Any guardian, tenant in dower, life tenant, or tenant for years who commits or suffers any waste, during his term or estate, to the lands, tenements or hereditaments, without having a lawful license to do so, is liable for double the amount of actual damages." MCL 600.2919(2)(a).

In the case at hand, plaintiff has presented no evidence that defendant Holyk was ever a guardian or tenant of the subject property. Viewing the evidence in the light most favorable to plaintiff, the most that can be said is that Northstar One has a potential interest in the property and that defendant Holyk has a business interest in Northstar One. Thus, the Court finds that plaintiff has not demonstrated a genuine issue of material fact, and defendant Holyk is entitled to judgment as a matter of law on this claim.

### 7. Civil Conspiracy and Concert of Action

"[T]he essential elements of a civil conspiracy are (1) a concerted action (2) by a combination of two or more persons (3) to accomplish an unlawful purpose (4) or a lawful purpose by unlawful means." *Mays v Three Rivers Rubber Corp*, 135 Mich App 42, 48; 352 NW2d 339 (1984). "The agreement, or preconceived plan, to do the unlawful act is the thing which must be proved." *Temborius v Slatkin*, 157 Mich App 587, 600; 403 NW2d 821 (1986). "Furthermore, conspiracy may be established, and frequently is established by circumstantial evidence . . . and may be based on inference." *Vincent v Raglin*, 114 Mich App 242, 250; 318 NW2d 629 (1982) (quotation marks and citations omitted).

To establish a claim for concert of action, a plaintiff must show "that all defendants acted tortiously pursuant to a common design." *Abel v Eli Lilly and Co*, 418 Mich 311, 338; 343 NW2d 164 (1984). "[T]o state a cause of action, a plaintiff need only allege that the defendants were jointly engaged in tortious activity as a result of which the plaintiff was harmed." *Id.* "For both civil conspiracy and concert of action, the plaintiff must establish some underlying tortious conduct." *Urbain v Beierling*, 301 Mich App 114, 132; 835 NW2d 455 (2013).

In the case at hand, plaintiff alleges the underlying tortious action of fraudulent misrepresentation against all defendants. As discussed above, plaintiff has failed to demonstrate

a genuine issue of material fact that would allow a reasonable factfinder to conclude that defendant Holyk or defendant Shibanov made false representations as to the true identity of the borrowers on the loan at issue.  Accordingly, plaintiff has failed to allege an actionable tort that would support either a concert of action or civil conspiracy claim, and summary disposition in favor of defendant Holyk and defendant Shibanov is proper.

C. Discovery

"Michigan has a broad discovery policy that permits the discovery of any matter that is not privileged and that is relevant to the pending case." *Alberto v Toyota Motor Corp*, 289 Mich App 328, 336; 796 NW2d 490 (2010) (citing MCR 2.302(B)(1)).  "A party desiring to take the deposition of a person on oral examination must give reasonable notice in writing to every other party to the action."  MCR 2.306(B)(1).  "[T]he court may extend or shorten the time for taking the deposition. The court may regulate the time and order of taking depositions to best serve the convenience of the parties and witnesses and the interests of justice."  MCR 2.306(B)(2).

MCR 2.313 allows a party to file a motion to compel discovery when

(a) a deponent fails to answer a question propounded or submitted under MCR 2.306 or 2.307,

(b) a corporation or other entity fails to make a designation under MCR 2.306(B)(5) or 2.307(A)(1),

(c) a party fails to answer an interrogatory submitted under MCR 2.309, or

(d) in response to a request for inspection submitted under MCR 2.310, a person fails to respond that inspection will be permitted as requested,

the party seeking discovery may move for an order compelling an answer, a designation, or inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

MCR 2.313(A)(2).

21

"However, the court rules also ensure that discovery requests are fair and legitimate by providing that discovery may be circumscribed to prevent excessive, abusive, irrelevant, or unduly burdensome requests." *Hamed v Wayne Co*, 271 Mich App 106, 110; 719 NW2d 612 (2006) (citing MCR 2.302(C)). Thus, on reasonable notice and for good cause shown, "the court rules allow a party or a person from whom discovery is sought to move for a protective order." *Arabo v Michigan Gaming Control Bd*, 310 Mich App 370, 398; 872 NW2d 223 (2015) (citing MCR 2.302(C)). For purposes of MCR 2.302(C), "good cause simply means a satisfactory, sound or valid reason. A trial court has broad discretion to determine what constitutes good cause." *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 264; 833 NW2d 331 (2013) (brackets, quotation marks, and citation omitted).

In the present case, plaintiff requests an order compelling the deposition of defendant Holyk pursuant to MCR 2.313. Here, plaintiff has not provided any evidence of a notice of deposition pursuant to MCR 2.306(A)(1) or a subpoena issued pursuant to MCR 2.305. Further, plaintiff does not allege that plaintiff has failed to answer a question submitted pursuant to MCR 2.306 or failed to make a designation pursuant to MCR 2.306(B)(5). Because discovery is closed and plaintiff has not presented evidence of proper notice or subpoena, plaintiff's motion to compel defendant Holyk's deposition is not appropriate. Thus, plaintiff's motion to compel defendant Holyk's deposition is properly denied.

Plaintiff also seeks a protective order preventing further deposition of its CEO, Andrew Jakymowych; defendant Holyk requests additional time to complete Andrew Jakymowych's deposition. Here, the Court entered an order on May 23, 2016 denying plaintiff's motion for protective order but limiting the length of Andrew Jakymowych's deposition time. Plaintiff's Motion for Protective Order, Exhibit 1. Pursuant to this order, his deposition was to occur in one

hour and fifteen minute segments, and the parties were allowed to file a motion for more time if necessary. *Id.*

Here, the parties do not dispute that defendant Shibanov's attorney deposed the witness over the course of both deposition segments. Rather, plaintiff asserts without authority that it should be allowed to proceed with the deposition but defendants' examination should be deemed concluded. Andrew Jakymowych testified that he works between seven and eight hours a day and six days a week. Plaintiff's Motion for Protective Order, Exhibit 2. Further, he testified that he felt fine to continue the deposition at the conclusion of the court-ordered time. *Id.* Accordingly, the Court finds that plaintiff has failed to demonstrate good cause to prevent the completion of Andrew Jakymowych's deposition.

In light of these facts, the Court finds that plaintiff and defendants may complete Jakymowych's deposition. The deposition shall be taken in one hour and fifteen minute segments unless Andrew Jakymowych consents to a longer duration. If the completion of his deposition requires more than two sessions, the parties may file a motion for more time.

### V. Conclusion

For the reasons set forth above, plaintiff's motion for summary disposition is DENIED. Defendant Holyk's motion for summary disposition is GRANTED. Defendant Shibanov's motion for summary disposition is GRANTED IN PART as follows: summary disposition is granted for all claims against defendant Shibanov except for breach of fiduciary duty, which is DENIED without prejudice. Plaintiff's motion to compel defendant Holyk's deposition is DENIED. Plaintiff's motion for protective order is DENIED. Defendant Holyk's motion for additional time is GRANTED. No costs are awarded at this time. Pursuant to MCR 2.602(A)(3), this *Opinion and Order* neither resolves the last pending claim nor closes this case.

IT IS SO ORDERED.

_____
Hon. Diane M. Druzinski, Circuit Court Judge

Date:          SEP - 2 2016

DMD/ac

cc:  James W. Bigelow, Esq.
     Daniel Randazzo, Esq.
     Larry W. Bennett, Esq./William R. Seikaly, Esq.

DIANE M. DRUZINSKI
CIRCUIT JUDGE
SEP - 2 2016
A TRUE COPY
CARMELLA SABAUGH, COUNTY CLERK
BY: _____ Court Clerk

24