UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UKRAINIAN FUTURE CREDIT UNION,

    Plaintiff,

v.

WILLIAM R. SEIKALY, *et al.*,

    Defendants.
_____/

Case No. 17-cv-11483
Hon. Matthew F. Leitman

# ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER AND JUDGMENT OF NOVEMBER 27, 2017 (ECF #42)

By order dated November 27, 2017, this Court, among other things, (1) dismissed with prejudice the sole federal claim in Plaintiff Ukrainian Future Credit Union's First Amended Complaint (for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA")), (2) dismissed without prejudice the state-law claims in the First Amended Complaint, and (3) denied Plaintiff's motion for leave to file a proposed Second Amended Complaint containing a second federal claim (for violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1832-1839 ("DTSA")). (*See* ECF #40, the "Dismissal and Denial Order".) The Court entered a judgment against Plaintiff that same day. (*See* ECF #41.) Plaintiff has now filed a motion for reconsideration of the Dismissal and Denial Order and amendment of the Court's

1

judgment. (*See* ECF #42.)  Plaintiff has failed to demonstrate that the Court erred. Accordingly, the motion for reconsideration is **DENIED**.

I

Plaintiff seeks reconsideration of the Dismissal and Denial Order and the judgment under both Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 7.1.  "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  Under Local Rule 7.1, "[t]he court will not grant [a] motion[ ] … that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect ... but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

II

A

Plaintiff contends that the Court erred by "consider[ing] matters outside the pleadings for the purpose of ruling on Defendant's Motion to Dismiss…." (Mot. for Reconsideration, ECF #42 at Pg. ID. 1311.)  Specifically, Plaintiff faults the Court for "consider[ing]" certain state court transcripts as part of its analysis under Rule

12(b)(6) of the Federal Rules of Civil Procedure. (*Id.* at Pg. ID 1311, 1318-19.) But that did not happen.

The Court made crystal clear in the Dismissal and Denial Motion that it was *not* considering the state court transcripts as part of its analysis under Rule 12(b)(6). The Court referenced the transcripts in Section I(C) of the Dismissal and Denial Order. In footnote one of the Dismissal and Denial Order, the Court said that "the procedural history recited in [Section I(C)] is offered for background purposes only and is *not* the basis for the Court's decision to dismiss this action." (Dismissal and Denial Order, ECF #40 at Pg. ID 1282, n.1; emphasis added.) And the section of the Dismissal and Denial Order analyzing the viability of the lone federal claim in the First Amended Complaint does not contain a single reference to the state court transcripts. (*See id.* at Pg. ID. 1290-95.) On the contrary, that section focuses exclusively on Plaintiff's allegations (and the lack thereof). Simply put, the Court is hard pressed to discern any good faith basis for Plaintiff's argument that the Court erroneously considered matters outside the pleadings in the context of its analysis under Rule 12(b)(6).

**B**

Plaintiff next attempts to refute the "contention that Plaintiff's claims regarding Plaintiff's misappropriated documents were actually fully and fairly litigated in state court." (Mot. for Reconsideration, ECF #42 at Pg. ID 1319-21.)

3

Plaintiff insists that the state courts violated its due process rights and did not permit a fair and full adjudication of its claim that Defendants misappropriated its documents. This argument is puzzling because the Court did not rest any portion of its ruling on the result of any state court litigation. Defendant Lidia Shibanov sought dismissal of this action on the basis of *res judicata*, and in the context of that argument, she asserted that Plaintiff had a full and fair opportunity in state court to litigate its claims concerning its documents and confidential information. (*See* Shibanov Mot. to Dismiss, ECF #32 at Pg. ID 1009-15.) But the Court never reached that argument nor ruled on Shibanov's *res judicata* defense. Thus, Plaintiff's arguments concerning alleged deficiencies in the state court proceedings do not undermine the Court's ruling in any way.

## C

Plaintiff next argues that the Court erred when it denied Plaintiff leave to file its proposed Second Amended Complaint without allowing Plaintiff the opportunity to cure defects in that pleading. This argument lacks merit.

Plaintiff never asked for an opportunity to amend its proposed Second Amended Complaint, nor did Plaintiff ever suggest that, if given the chance to do so, it could amend that pleading to address the defects that led the Court to reject that pleading. Indeed, as the Court explained in the Dismissal and Denial Order, Plaintiff "never responded" to the argument by Defendant Shibanov that, in large

4

part, persuaded the Court to deny Plaintiff leave to file its proposed Second Amended Complaint. (Dismissal and Denial Order, ECF #40 at Pg. ID 1300.) "[A] district court does not abuse its discretion in failing to grant leave to amend where such leave is not sought." *Islamic Center of Nashville v. Tennessee*, 872 F.3d 377, 387 (6th Cir. 2017) (quoting *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041-42 (6th Cir. 1991)).

Plaintiff's request for leave to amend in its motion for reconsideration has come far too late. "When a party seeks to amend a complaint after an adverse judgment, it [] must shoulder a heavier burden." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). When faced with a post-judgment request for leave to amend, a court must consider the "competing interest of protecting the finality of judgments and expeditious termination of litigation." *Id.* at 615-16 (citations and quotations omitted). "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.* at 616. "A court acts within its discretion in denying a Rule 15 and a Rule 59 motion on account of undue delay—including delay resulting from a failure to incorporate previously available evidence []—and ought to pay particular attention to the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Id.* (citations and quotations omitted). Put simply, "[a] plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment

5

Rule 15 motion) to raise arguments which could, and should, have been made before judgment issued." *Id.* (citations and quotations omitted).

Here, Plaintiff could have and should have presented its newly-proposed amendment before this Court entered judgment. Through the proposed amendment, Plaintiff seeks to add allegations that (1) Defendant Shibanov entered into a confidentiality agreement with Plaintiff and (2) that agreement demonstrates that Plaintiff took "reasonable measures" to protect its confidential information. Plaintiff believes that adding that these new allegations will save the DTSA claim in its proposed Second Amended Complaint.[1] But Plaintiff was on notice of the potential importance of Shibanov's confidentiality agreement to its potential DTSA claim well *before* the Court entered judgment.

For instance, when Plaintiff sought leave to file its proposed Second Amended Complaint, it cited the decision in *Xoran Holdings, L.L.C. v. Luick*, 2017 WL 4039178 (E.D. Mich. Sept. 13, 2017), in which another judge of this Court found that an employer had taken reasonable measures to protect confidential information because the employer, among other things, required its employees to sign confidentiality agreements. (*See* Mot. for Leave to File Second Am. Compl., ECF

---

[1] Plaintiff's motion for reconsideration does not propose an actual amendment to the DTSA claim asserted in Plaintiff's proposed Second Amended Complaint. Instead, Plaintiff identifies Shibanov's confidentiality agreement and appears to suggest that it could make new allegations based upon that agreement. (*See* Mot. for Reconsideration, ECF #42 at Pg. ID 1317-18.)

6

#27 at Pg. ID 618 (citing *Luick*).) But even though *Luick* highlighted the importance of confidentiality agreements, Plaintiff did not include in its proposed DTSA claim any allegations about its confidentiality agreement with Shibanov. Moreover, when Shibanov opposed Plaintiff's request to file the DTSA claim in the proposed Second Amended Complaint, Shibanov highlighted that Plaintiff did not allege that it taken the type of "reasonable measures" (to protect its information) described in *Luick*. (*See* Shibanov Opp. to Mot. to File Second Am. Compl., ECF #31 at Pg. ID 968-69.) Yet, Plaintiff still said nothing about Shibanov's confidentiality agreement in its reply in further support of its motion for leave to amend.[2] Under these circumstances, there is no excuse for Plaintiff's failure to raise the existence of Shibanov's confidentiality agreement before the Court denied leave to file the proposed Second Amended Complaint and entered judgment against Plaintiff.

Finally, Plaintiff argues that the Sixth Circuit's unpublished decision in *Brown v. Matauszak*, 415 Fed. App'x 608 (6th Cir. 2011), supports its request for leave to amend yet again. *Brown*, however, is easily distinguishable. The plaintiff in *Brown* was proceeding *pro se*, and the Sixth Circuit relied, in part, on the rule that "where deficiencies in a complaint are attributable to oversights likely the result of an

---

[2] As the Court noted elsewhere in the Dismissal and Denial Order, Plaintiff failed to respond to some of the other arguments that Shibanov offered in support of her motion to dismiss and opposition to leave to file the proposed Second Amended Complaint. (*See* Dismissal and Denial Order, ECF #40 at Pg. ID 1291 n.3, 1300.)

untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." 415 Fed. App'x at 615 (quotation omitted). The Sixth Circuit recognized that (as this Court noted above), "a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought," *id.* at 616 (quotations omitted), but the court noted a possible exception to that rule in cases involving *pro se* litigants. *Id.* And the court stressed that it did "not hold that remand for leave to amend is appropriate or necessary in all, or even most, cases." *Id.* *Brown* provides no support for Plaintiff's contention that it should be given leave to amend even though, while represented by counsel, it failed to include the proposed amendment in an earlier proposed pleading in which the amendment plainly should have been included.

## D

Finally, Plaintiff argues that the Court erroneously construed the term "trade secret" as used in the DTSA. Specifically, Plaintiff faults the Court for considering in its DTSA "trade secret" analysis a case construing that term as it is used in the Michigan Uniform Trade Secret Act ("MUTSA"). (Mot. for Reconsideration, ECF #42 at Pg. ID 1323-24.) Plaintiff highlights that the DTSA and MUTSA do not define "trade secret" using identical words. But Plaintiff offers no reasoned argument as to how the definitional differences, even if substantive, make any difference here or in any way undermine the Court's ruling that Plaintiff failed to

8

plead a viable DTSA claim.  While the Court did cite a case applying the MUTSA, the Court's holding that Plaintiff failed to plead that its alleged secret had "independent economic value" did not depend upon that decision.  For the reasons explained by the Court, none of Plaintiff's allegations, if proven, would tend to establish that the records in question have the required independent economic value to constitute a trade secret under the DTSA.  Moreover (and in any event), even if Plaintiff's proposed DTSA claim had sufficiently alleged that Plaintiff's alleged trade secrets had independent economic value, the claim still would have failed as a matter of law because, as described above, Plaintiff failed to allege that it took "reasonable measures" to protect the claimed secrets.

### III

For the reasons explained above, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (ECF #42) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  December 15, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2017, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764